Tatlor, Chief-Justice.
 

 All the authorities concur in the position, that whenever the injury is committed Ijf the immediate act complained of, the action must be trespass; in other words, “if the injurious act be the immediate result of the force originally applied by the Defendant, it is the subject of an action of trespass
 
 vi et armis,
 
 by all the cases ancient and modern, and that
 
 it
 
 is immaterial whether the injury be wilful or not.”',Several cases are put to illustrate this rule, as when one shooting at a mark with a bow and arrow, and having ho unlawful purpose in view, wounded a man, it was
 
 *186
 
 held that
 
 ire'Pass
 
 was the proper action. So where a person is Mvfully exercising himself in arms, and happen to wound another, the same action must be brought, (/&&. 134.) In actions of trespass, the distinction hast not turned either on the lawfulness of the act from whence the injury 1 appened, or the design of the party doing it, to commit the injury
 
 ;
 
 but on the difference between immediate injuries or consequential ones. For if the injury be done by the act of the party himself at the time, or he be the immediate cause of it, though it happen accidentally or by misfortune, yet he is answerable in trespass, (3
 
 East.
 
 600).
 

 It is impossible to doubt from the statement in this case, that the action is properly brought according to all the decisions. For if wilfulncss were a necessary ingredient in the case, if exists here, since the Defendant beat the drum for the purpose of frightening the Plaintiff’s horses. It is much stronger than the case of
 
 Scott v. Shepherd,
 
 for here tho act was immediately injurious, without any intermediate agency. If in the case of
 
 Scott
 
 v.
 
 Shepherd,-the
 
 injury had been done to the person upon whom the squib first, alighted, it would have resembled the case before us, and then there would have been no grounds for the dissenting opinion of Mr. JusticeJBte-
 
 stone,
 
 who thought that the first act was compel the squib lay on the stall where it first foil, and ti^rthe injury done to the Plaintiff after the squib bad recced two new directions, was the consequence of, and not done,
 
 immediately
 
 by the first act of the Defendant. ‡
 

 The nature of the act done in this case, the time and place where it was don#''a wagon and team passing the public road, rendered it probable that injury would be the immediate consequence, and would render the Defendant liable in the action, though lie had no views 'to the consequences. For though the bad ii^ention must he alleged and proved in a charge of felony^ if is not, ne
 
 *187
 
 cessary to be considered in this action. “Where a man shoots with a bow at a mark and kills a man, it is not amj it should be construed, that he had nnintent ‡0 yu him, but when he wounds a man although txat-it be against his will, he shall be said to be a trespasser,” .(3
 
 Wils.
 
 408). If the injury done be not inevitable, the ¡person who doth it, or is the immediate cause thereof, even by accident, misfortune, and against his will, is answerable in this action of trespass
 
 vi et
 
 armis. (1
 
 Strange 596
 
 —Sir T.
 
 Jones
 
 205—Sir T.
 
 Raym.
 
 422). For these reasons, I am of opinion, that upon every ground of law and convenience, as well as the most manifest justice in the particular case, the action was well brought, and the Plaintiff on the proof offered, should have had a verdict.
 

 Per curiam. Judgment reversed, and new trial a> warded.