Pearson, J.
 

 The sovereign has a right to wrecks, and all property stranded on the sea beach : and, in many countries, this right is exercised, so as to be a source of considerable revenue.
 

 North Carolina has a sea coast, great in extent and very dangerous: and there are probably more wrecks upon her coast during the year, than upon that of any five of the other States. She has, from a very early period, adopted a humane, liberal, and enlightened policy, in reference to wrecks, and may well challenge a comparison of her policy with that of any other nation on earth.
 

 The whole extent of her sea coast is laid off into “wreck districts” of convenient size. It is made the duty of the Courts of Pleas and Q,uarter Sessions, of the several counties, in which such districts are situated, to appoint a “Commissioner of Wrecks,” in each district, who shall reside in the district, and enter into bond, with good security, in the penalty of $15,000, for the proper discharge of his duties. It is made his duty, “on the earliest intelligence” of «any vessel being in danger of being stranded, or being stranded, to command the sheriff or any constable of the county, to summon as many men, as shall be thought necessary to th-e assistance of .such vessel. If the vessel is srtanded, it is made his duty to see that the goods are collected and taken care of: should tile captain or owner desire it, he is at liberty to reship the goods: if they are lost or broken, it is his duty, after advertisement, to sell the goods at public
 
 *397
 
 auction, to make a full return of the sales to the next Court, and to pay into Court the amount of sales, which fund is to be held for the owner or insurer. But it, after
 
 due advertisement,
 
 and after the expiration of one year and one day, no person applies for the fund, it is to be transmitted to the public treasurer of the State, for the use of the State. And the statute makes it a felony to embezzle or steal any stranded property, or to conceal the same, knowing it to have been stolen. Rev. Stat. ch. 123 — title,
 
 ‘‘
 
 Wrecks.”
 

 “The banks” is a narrow strip of land, mostly sand banks, from which the name is derived, interposed between the ocean and the sounds, and, in the locality concerned in the case before us, extending from the Virginia line to Ocra-coke Inlet, without a single harbor; so that neither vessels nor boats can
 
 “
 
 live ” in the ocean, and boats are only preserved by hauling them up on the banks; consequently, it is impossible for the commissioner of wrecks to go with his men to the assistance of a vessel in distress, or to collect and take care of wrecked or stranded property, or to expose the same to public auction, unless there be a
 
 right of way over the
 
 banks, and a fight of ingress, egress, and regress, as often as may be necessary to preserve, take and carry away such property, as may be exposed to public auction, in pursuance oi the laws of the State.
 

 The question is, where a grant issues for the land on the banks, is there a reservation of this right of way by necessity or^by necessary implication? Does the State, by a grant of the land, deprive herself of the ability to carry into effect the provisions of this humane and noble statute? by which she has undertaken to assist the unfortunate, and to take care of and hold wrecked and stranded property, as a “ trustee ” for the owner or insurer.
 

 A public statute cannot thus be abrogated by a grant of land, and. there is, by necessary implication, a reservation
 
 *398
 
 of the right of way, or, in other words, the right of way exists of necessity. If one is shipwrecked, he has, of necessity, a right, of way to go on “ the banks,” and of egress and regress, as often as may be necessary to take away his property, doing no unnecessary damage.
 

 Earon Comyns, in his digest, informs us, that a right of private way may be acquired by prescription, by grant, or
 
 “for
 
 necessityand .among
 
 other
 
 instances he puts this: “ So, if a man has title to a wreck, he has a right to have a way over the Land of another, where the wreck lies, to take it
 
 of
 
 necessity.” 3 Comyri’s Digest, 39, title “private way.”
 

 In 6 Modern Cases, 212, it is said: “ Originally, all wrecks were in the crown, and the king has a right of way over any man’s ground for
 
 his
 
 wreck, and the
 
 same privilege
 
 goes to a grantee thereof.”
 

 Lord Holt says:
 
 “
 
 He who gives up the way of coming at a thing, gives up the thing itself.”
 

 The plaintiff does not insist, that, by a grant of the land, ■he acquired a right to all wrecked or stranded property: and yet, if this action is sustained, he will, in effect, be the owner, and have a franchise and “peculiar privilege” to ■take all such propeity as may be wrecked or stranded upon
 
 “Ms banks:’1
 
 for, he has only to say, “ rio one, except by my permission, has a right to cress over the bank,” and thus all of the property becomes his, at his
 
 own bid.
 
 Such a state of things is not and ought not to be tolerated.
 

 It is said, a right to fish or to bathe in the ocean, is a public right, and belongs to every one, and yet there is no right of way reserved, or
 
 “
 
 existing of necessity,” by which every person has a right, in order to fish or bathe, to pass over land adjacent to the beach, belonging to a third person ; for this are cited,
 
 Blondel
 
 v.
 
 Cateral,
 
 5 Bar. and Al 51,
 
 Ball
 
 v.
 
 Herbert,
 
 3 Term R. 253.
 

 
 *399
 
 We concur in the principles of the cases cited, but there
 
 is
 
 an obvious distinction. Here there is a right in the .■sovereign, to the exercise of which, the right of way is necessary, as occasion may require; therefore it is implied, or exists of necessity. There the right of fishing or of bathing belongs to every one : it is not a right of the sovereign, but belongs to every one. We all, by nature, have a right to see by the light of the sun, and to breathe the air of heaven, to bathe in the sea, and to catch fish ; but there is no necessity, and nothing from which to imply a right to go over another’s land for these purposes. There is this further and very obvious ground of distinction. A •right of way for the purpose of assisting a vessel in distress, or of collecting, taking care of and selling property wrecked or stranded, is consistent with a grant of the land, because the right only exists, as
 
 occasion may call for it;
 
 whereas, if
 
 every person
 
 has a right of way, over land adjacent to the ocean,
 
 at all times
 
 and
 
 at all places,
 
 such an unlimited right is inconsistent with a grant of the land, and it does not exist “ of necessity. ”
 

 PkR Cueiam. A
 
 venire de novo
 
 awarded.