Pearson, J.
 

 The defendant justifies as the servant of the President and Directors of the Literary Fund of North Carolina, in whom he alleges title; he also justifies as sheriff under the Act of 1842, and makes the same allegation of title in the President and Directors of the Literary Fund.
 

 The question involves the title of the President and Directors Of the Literary Fund. They claim an undivided moiety, and if their title be good, it supports the plea*
 

 
 *305
 
 The land is
 
 “
 
 swamp land,” and in 1795 was granted to one Hall, (in a grant of 195,000 acres.) The plaintiff was in possession under Hall, and was turned out of possession by the defendant.
 

 In 1800 the land was sold for taxes, and was bought by one John Gray Blount, who took the sheriff’s deed. In 1801 it was again sold for taxes, and was bought by one Harris, who took the sheriff’s deed. The persons claiming under both Blount and Harris, conveyed an undivided moiety to the President and Directors of the Literary Fund, in consideration of its being drain-' ed by that corporation. These are the only two sources of title to which it is necessary to advert.
 

 If the sheriff’s deed to Harris conveyed a good title, the question is settled; if it did not convey a good title, then the defendant falls back on the sheriff’s deed to Blount; if that deed conveyed a good title to Blount the question is settled ; if it did not convey a good title to Blount, then the question will depend upon whether his title has been ripened by adverse possession under color of title.
 

 To prevent unnecessary discussion we will suppose that neither the sheriff’s deed to Harris or Blount conveyed a good title, and put our decision on the question — was Blount’s title ripened by adverse possession under color of title? We think it was.
 

 As to Blount’s possession, we pass by the fact that in 1819, one Hastings took possession of a part of the land under a contract of purchase from Blount, and has continued in possession thereof ever since. We also pass by the fact, that in 1826 one Smith took possession of another part of the land, as a lessee of Blount, and has continued in possession ever since, because it may be that the possession of Hastings was limited to the part he contracted to purchase, and that of Smith to the part covered by his lease, neither of which extend to the
 
 locus in quo.
 

 But in 1827, Blount himself took possession of the land and opened a plantation, which he and those claiming under him have been cultivating ever since. It is true the place where Blount first commenced clearing and cultivating was covered by a grant to one Swindle, and that raises a question whether his possession was not confined to the Swindle grant, which does not ex
 
 *306
 
 tend to the
 
 locus in quo
 
 ; it is not necessary to decide that point, for, admit it to be so, in 1833 Blount extended his clearing beyond the Swindle grant and has been cultivating fields outside of it ever since, and there is no ground for saying that the possession which he took in 1833 did not extend to the limits of the sheriff’s deed to him, for there is nothing to restrict it and prevent the application of the well settled rule.
 

 As to Blount’s color of title, he had the sheriff’s deed duly registered. It is objected Blount’s estate was sold for taxes and ■purchased by Harris, and after the sale, the sheriff’s deed could not be set up by him as color of title. For this position,
 
 Johnson
 
 v.
 
 Farlow,
 
 13 Ire. 85, is relied on. It was there held, that one who conveys all of his estate to another cannot rely on the deed by which be originally acquired the estate as color of title, for that deed is
 
 functus officio,
 
 except as one of the mesne conveyances of the purchaser. There the conveyance was made by the man himself, and of course it passed all his estate, and left the deed by which he acquired the
 
 estate functus officio,
 
 here, the conveyance is made by a third person, and his deed may or may not pass the estate ; if it does pass the estate, then the party whose estate is so passed, cannot rely upon the deed by which he acquired the land as color of title, for it is
 
 functus officio.
 
 But if it does not pass the estate and is inoperative, wherefore should he not be at liberty to rely on the deed to him as giving a good title ; or at all events as giving him a color of title ? Suppose a sheriff sells land under a void
 
 fi.fa.,
 
 and the debtor holds on to his possession, why should he not rely on the deed to him as conferring a good title, or at all events as color of title ?
 

 In the case under consideration, if the sheriff’s deed passed the title to Harris, then the President and Directors of the Literary Fund have the title under his deed. If it was void or for any other cause did not pass the title, there can be no reason why Blount should not rely on his deed at least .as being a color of title. So this case is distinguished obviously from
 
 Johnson
 
 v.
 
 Farlow. “ Quacumque via
 
 —take it either way, the President and Directors of the Literary Fund have acquired the title. We think .the gentlemen who filled those places are entitled to much credit for their prudence and caution in securing all the outstand
 
 *307
 
 ing claims so as to acquire a title to an undivided moiety of the large tract of land now in controversy, before they made the outlay necessary to drain this tract of land, and much other vacant land conferred upon them by the Act of the General Assembly.
 

 Upon the argument of the case there was some discussion in reference to the pleadings. The entry upon the docket is, the
 
 “
 
 defendant justifies generally and specially,” the counsel for the defendant was therefore required to draw up the pleas at length; we are clearly of opinion that the plea of justification as the servant of the President and Directors of the Literary Fund is sustained. It is unnecessary to pass upon the justification as sheriff under the Act of 1842. It is due to Judge Battle, from whose decision the defendant appealed, to state that upon the trial below he did not enter into an investigation of the question of title. He says the only question submitted to him, was the construction of the Act of 1842, and h¿ put his decision on the ground that the Act of 1842 did not apply to the case of one, who, like the plaintiff, was in possession
 
 claiming under title-,
 
 but was confined in its operation (being highly penal,) to mere
 
 “
 
 squatters ” or trespassers without any show of title. There may be some force in the view taken by him in reference to the question of construction, and it may also admit of some question how far the Act of 1842 is applicable, when the President and Directors of the Literary Fund are not seized in severalty, but are seized only as tenants in common with private citizens. We give no opinion upon these questions, and he concurs with the other members of this Court in putting our decision on the ground that the President and Directors of the Literary Fund are entitled to an undivided moiety of the land in controversy ; and the defendant can well justify in a
 
 civil action
 
 upon the ground that he committed the trespass complained of as their servant or agent. ;;
 

 Pee. Cuetam. Judgment reversed, and
 
 venire de novo
 
 awarded.