Battle, J.
 

 The second plea of the defendant, upon which the issue was found in his favor, was given by the 83d section of
 
 *443
 
 the 31st chapter of the Revised Statutes, which is as follows: “ In all actions of
 
 quare clausum,
 
 fregit, wherein the defendant shall disclaim in his plea to make any title or claim to the lands in which the trespass is, by the declaration, supposed to be done, and the trespass be by negligence, or involuntary, and the defendant shall be permitted to plead a disclaimer, and that the trespass was by negligence or involuntary, and a tender or offer of sufficient amends for such trespass brought; whereupon, or upon some of them, the plaintiff shall be enforced to join issue, and if the said issue be found for the defendant, or the plaintiff shall be non-suited, the plaintiff shall be clearly barred from the ¡Said action, and all other suits concerning the same.”
 

 The plaintiff’s counsel contended that the cutting by the defendant of the board tree and fire-wood on the plaintiff’s land, though done by mistake, in ignorance of the boundary line, was neither by negligence nor involuntary, within the meaning of the statu- e. In support of this position, he argues that the cutting was an act of the defendant’s will; that he intended to do what he did, not being forced to it by any inevitable necessity, and that, therefore, it was a wilful trespass, and within the letter and spirit of the statute. We do not assent to the correctness of the reasoning. It is rather a play upon words, and, if allowed to prevail, would manifestly defeat the object which the law-makers had in view. That object was to prevent a .party who had inadvertently committed a trespass upon another’s land, from being harrassed with a law suit, and burdened with costs, when he was ready to disclaim title, and make sufficient, amends. What more, in such a case, could the plaintiff reasonably desire ? He could not by a suit recover vindictive damages, and if the defendant tender him a sum sufficient tq compensate his actual loss, he could have no other purpose in refusing it, and bringing suit, than to gratify his malice. We should be sorry to be compelled to put a construction upon the statute, which would lead to such a result; Resides, in the plaintiff’s own style of reasoning, we might say, that, though the
 
 cutting the timber
 
 was voluntary, the
 
 trespass
 
 upon the plaintiff’s land
 
 *444
 
 was not so. As to that, it might very properly be called involuntary. The charge of the presiding Judge was right, and the Judgment must be affirmed.
 

 Judgment affirmed. Per CuRiam.