### CONTRACTORS, PACIFIC NAVAL AIR BASES et al. v. PILLSBURY et al.

#### No. 30951.

United States District Court
N. D. California, S. D.

July 1, 1952.

---

for an illness he contracted while employed by the plaintiff Contractors.

From March 1941 to May 1943, Joseph F. Burchard, performed work for plaintiff Contractors at Pearl Harbor which constantly exposed him to rock dust. After leaving the employ of plaintiff Contractors in May of 1943, Burchard was hired by the Atchison, Topeka & Santa Fe Railway. In connection with this employment, Burchard became a dues-paying member of the Santa Fe Coast Lines Hospital Association. In May of 1949, he was hospitalized by the Association for tuberculosilicosis. It was subsequently determined that his disease had been contracted as a result of his employment with plaintiff Contractors. The latter were notified of Burchard's condition on September 22, 1949. On January 5, 1950 Burchard filed a claim for compensation under the Longshoremen's and Harbor Workers' Compensation Act, as made applicable to persons employed at certain defense bases by the Act of August 16, 1941, 55 Stat. 622, 42 U.S.C. 1651–1654.

On June 5, 1950, the deputy commissioner entered an order awarding Burchard compensation for permanent total disability commencing May 3, 1949. In addition, the deputy commissioner found that plaintiff Contractors had not furnished Burchard any medical treatment and were liable for the reasonable value of such treatment subsequent to September 22, 1949, the date they received notice of Burchard's illness. In accordance with this order plaintiff Contractors paid compensation to Burchard from May 3, 1949 until his death in January 1951. Contractors also assumed his medical expenses subsequent to May 9, 1950 the date on which he had received the maximum amount of hospitalization to which he was entitled as a member of the Santa Fe Coast Lines Hospital Association.

Thereafter the Association applied to the deputy commissioner for an award reimbursing it for the medical care provided Burchard. Following a hearing, the deputy commissioner entered an order on Septem-

Leonard, Hanna & Brophy, San Francisco, Cal., for complainants.

Chauncey Tramutolo, U. S. Atty., Macklin Fleming, Asst. U. S. Atty., San Francisco, Cal., for respondents.

GOODMAN, District Judge.

In this action to set aside a compensation order made pursuant to the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424, 33 U.S.C.A. 901 et seq., the plaintiffs[1] question the validity of an award made to a hospital association for medical care given an association member

---

1. Referred to as "Complainants" in the pleadings.

774

ber 17, 1951 fixing the reasonable value of the medical care provided by the Association from September 22, 1949 to May 9, 1950 and directing the plaintiffs to pay the same.

Plaintiffs seek to have this order set aside on the ground that the Longshoremen's and Harbor Workers' Compensation Act imposes no duty on employers to reimburse those who have provided an employee with medical care to which he was entitled as a dues-paying member of a hospital plan. They urge that the limit of their obligation is to reimburse the employee for the association dues paid.

No reported case arising under the Longshoremen's and Harbor Workers' Compensation Act is apposite. Nor, are there any apropos reported decisions construing state compensation laws. But the answer may be deduced from the Compensation Act itself.

Section 7 of the Compensation Act, 33 U.S.C.A. § 907, imposes upon employers the duty to provide injured employees with necessary medical treatment. If the employer fails to provide treatment, after notice of the employee's condition, Section 7 makes it obligatory to compensate the employee for such treatment as the employee may secure, provided the attending physician furnishes the employer with a report of the treatment within 20 days after it is commenced. In addition, an amendment to Section 7 made in 1938, 52 Stat. 1165, 33 U.S.C.A. § 907, provides that:

"The deputy commissioner may, however, excuse the failure to furnish such report within twenty days when he finds it to be in the interest of justice to do so, and he may, upon application by a party in interest, make an award for the reasonable value of such medical or surgical treatment so obtained by the employee."

▮ Amended Section 7 is ample authority for the deputy commissioner to make an award, not only to the employee for such medical expense as he may have incurred, but also to any person who may be entitled to reimbursement by reason of a contract with the employee for treatment. This conclusion accords with the philosophy of the Compensation Act, namely, to make the cost of occupational diseases a business cost and to impose upon employers the ultimate liability for the treatment of such illnesses.

The Santa Fe Coast Lines Hospital Association contracted, in return for monthly dues, to provide its members with certain medical care so long as they were employed by the Atchison, Topeka & Santa Fe Railway. The members and the Association specifically agreed that treatment for injuries for which some other person was legally and financially responsible should be furnished only on the condition that the Association should be subrogated to the rights of the member against such person. This agreement is set forth in Section XII of the Rules and Regulations of the Association as follows:

"Treatment of a contributor on account of injuries for which some other person, firm, corporation, association or company is both legally and financially responsible, will be rendered upon the condition that the hospital association shall be subrogated to the contributor's claim and have the right to recover from such person, firm, corporation, association or company the value of the medical and hospital service rendered by the Association and that the contributor will execute such written authority as may be required to enable the Association to recover the same."

▮ When Burchard accepted the treatment for the illness for which plaintiffs were legally and financially responsible, he thereby consented that the Association should be subrogated to his rights against the plaintiffs. True, he was never requested to give the Association written authorization to present the claim against plaintiffs. But no written authorization was necessary. The right of subrogation was not conditioned upon his written authorization, as plaintiffs contend. Rather, the treatment was conditioned upon the right of subrogation and the promise on the part of Burchard to give such written

authorization as might be necessary for the Association to recover on the claim.

The deputy commissioner's order awarding the Association the reasonable value of the medical care given Burchard from September 22, 1949 to May 9, 1950 is correct and is affirmed. The motion of the deputy commissioner to dismiss the cause is granted.