BILLY G. SMITH, WILLIAM K. COTTON T/A SMITH & COTTON GROCERY AND JOHN A. McCLENNY v. ALMA LINDER PATE.

(Filed 10 April, 1957.)

1. **Trespass § 1a—**

A right of action for trespass is based on wrongful or tortious conduct; therefore, when the invasion of the property of another is the result of an unavoidable accident, there can be no recovery.

2. **Automobiles § 7: Pleadings § 31: Trespass § 2—**

Plaintiffs brought this action for damages resulting to their building when defendant's automobile collided with it. Defendant set up in the

answer the defense that the collision with the building was due to an unavoidable accident and was not due to any fault of defendant. *Held:* The defense was improperly stricken on plaintiffs' motion.

**3. Actions § 6—**

The distinction between forms of actions has been abolished, and the right to recover will be determined in accordance with the facts alleged and not by the technical name given the action.

**4. Torts § 1—**

All damages sustained by the injured as a result of a single wrong must be recovered in a single action.

**5. Insurance § 51: Parties § 1—**

Where an insurance company has paid only part of the loss resulting from defendant's tort, insurer is subrogated only to the extent of the payment, and insured may maintain an action to recover all the damages in behalf of himself and insurer, in which action insurer may be joined as a proper party but is not a necessary party.

**6. Same—**

Where an insurance company has fully compensated insured for all damages resulting from defendant's tort, insured is no longer the real party in interest, and insurer is the only party that can maintain the action against defendant for the tort.

**7. Insurance § 51: Pleadings § 31—**

In this action by the owners of property to recover damages caused by defendant's car colliding with plaintiffs' building, defendant alleged, as a further defense, that the insurer of the building had paid the entire damages to plaintiffs. *Held:* The further defense was improperly stricken on motion.

CERTIORARI to review an order of *Parker, J.,* entered September 1956 Term of WAYNE.

Plaintiff seeks compensation for damages to a building resulting when an automobile driven by defendant ran into the building.

Defendant answered, denying those allegations of the complaint which would create liability and pleaded additional facts to defeat the claim of plaintiffs.

Plaintiffs moved to strike the further defenses. The motion was allowed. Defendant applied for *certiorari* which was granted.

*J. Faison Thomson & Son for defendant appellant.*
*No counsel contra.*

RODMAN, J. The complaint, after alleging plaintiffs' possession and ownership of the store building and the operation by defendant of a 1952 Buick sedan automobile, alleges: "5. That upon said date at about

11:20 a.m., the defendant with force and arms broke and entered the premises located at 715 North George Street and forcibly broke open to pieces and damaged the building there standing on said premises with the said 1952 Buick automobile by running the automobile into and through the front wall and plate glass window of the said building to the great damage of the plaintiffs in the amount of $1045.00."

Defendant answers section 5 of the complaint thus: "5. That the allegations of paragraph 5 of the complaint are denied. For further answer to the allegations of paragraph 5, reference is made to the Further Defense, hereinafter appearing." Defendant alleged two additional defenses: first, that the asserted trespass and collision with the building was due to an unavoidable accident arising without fault on her part. The answer sets out in detail how the asserted accidental injury occurred. Defendant, for her second further defense, alleged that the building which her car struck and damaged was fully insured, and as a result of such insurance ". . . Nationwide Mutual Fire Insurance Company, agreed to, and did, pay to the plaintiff all damages that the plaintiffs sustained by reason of the accident."

The court allowed plaintiffs' motion and struck from the answer each of the further defenses. The correctness of this order is the question for decision.

Plaintiffs do not specifically allege that defendant was negligent. They frame their right to recover on an asserted trespass. However framed, their right to recover must rest on wrongful or tortious conduct. The rule exculpating one from liability for injuries accidentally inflicted is illustrated in *Parrott v. Wells*, 15 Wall. 524, 21 L. Ed. 206. Plaintiff there sued to recover damages done to his building as a result of an explosion of nitroglycerin in the custody of defendant. Defendant operated an express line from New York to San Francisco. It leased from plaintiff a portion of plaintiff's building with a provision in the lease to keep in repair the portion of the building leased to it. A package shipped from New York was received by defendant and stored in the building in San Francisco. While in storage it exploded, without fault on the part of defendant, doing extensive damage to plaintiff's building. Defendant complied with the terms of the lease and repaired the portion of the building which it occupied but refused to compensate plaintiff for the damage done the other portions of the building. *Justice Field*, in denying liability, said: "This action is not brought upon the covenants of the lease; it is in trespass for injuries to the buildings of the plaintiff, and the gist of the action is the negligence of the defendants; unless that be established, they are not liable. The mere fact that injury has been caused is not sufficient to hold them. No one is responsible for injuries resulting from unavoidable accident, whilst engaged in a lawful business."

3—246

Those off the highway were sometimes injured by those using the highway, prior to the advent of the automobile. *Vincent v. Stinehour,* 29 Am. Dec. 145, decided by the Supreme Court of Vermont in 1835, bears analogy to the case at bar. Plaintiff in that case was walking on a path adjacent to the highway. Defendant, riding in a sulky, drove on the path and knocked plaintiff down and ran over him. Defendant, when sued for the injuries so inflicted, pleaded as a defense his inability to control the horse, an unavoidable accident. The court, speaking with reference to his plea, said: "The plaintiff contends in this case, that the injury arose from the unlawful act of the defendant. This, however, is taking for granted the very point in dispute. If the act which occasioned the injury to the plaintiff was wholly unavoidable, and no degree of blame can be imputed to the defendant, the conduct of the defendant was not unlawful. From an examination of the case, we find the charge of the court was conformable to the law, and is wholly unexceptionable. The principle of law, which is laid down by all the writers upon this subject, and which is gathered from and confirmed by the whole series of reported cases, is, that no one can be made responsible, in an action of trespass, for consequences, where he could not have prevented those consequences by prudence and care. Thus it has been laid down that if a horse, upon a sudden surprise run away with his rider, and runs against a man and hurts him, this is no battery. Where a person, in doing an act which it is his duty to perform, hurts another, he is not guilty of battery. A man falling out of a window, without any imprudence, injures another—there is no trespass. A soldier, in exercise, hurts his companion—no recovery can be had against him."

Speaking with reference to the operation of an automobile, we have said: "Where the collision was accidental no action for the recovery of damages can be maintained." *Swainey v. Tea Co.,* 202 N.C. 275, 162 S.E. 557; *Ingle v. Cassady,* 208 N.C. 497, 181 S.E. 562; *Patterson v. Ritchie,* 202 N.C. 725, 164 S.E. 117; 60 C.J.S. 623; 5 Am. Jur. 594.

Plaintiffs did not file a brief in support of the motion and court's ruling. Our own research has disclosed only two cases which may seem at variance with the conclusion we reach. They are *Loubz v. Hafner,* 12 N.C. 185, and *Newsom v. Anderson,* 24 N.C. 42. When one reads those cases, he must keep in mind the factual situation there disclosed. Neither shows unavoidable accident or sudden emergency but damage resulting from negligence. It must also be remembered that forms of action have been abolished, and the rights of parties are no longer determined by the skill of an attorney in selecting a form of action. Would it be suggested that the crew of a vessel thrown by the force of a storm on the beach could not walk to safety carrying their possessions without being guilty of trespass? *Hetfield v. Baum,* 35 N.C. 394.

In an action for trespass, nothing else appearing, the issues are: (1) Plaintiff's title if denied by defendant; (2) the trespass or invasion of plaintiff's possession if denied by defendant; and (3) damages. *Hayes v. Ricard,* 244 N.C. 313, 93 S.E. 2d 540; *Norman v. Williams,* 241 N.C. 732, 86 S.E. 2d 593. Defendant cannot justify the trespass without pleading it. Issues arise only on the pleadings. *McCullen v. Durham,* 229 N.C. 418, 50 S.E. 2d 511; *Cecil v. Henderson,* 121 N.C. 244. If defendant would justify his trespass, he should plead it. *Everett v. Smith,* 44 N.C. 303; *Kirkpatrick v. Crutchfield,* 178 N.C. 348, 100 S.E. 602; *Jennings v. Fundeburg,* 13 M'Cord 161 (S.C.); *Blackburn v. Bowman,* 46 N.C. 441; 52 Am. Jur. 886, 887; G.S. 1-543. There was error in striking defendant's first further defense.

Was the court correct in striking defendant's second further defense? Defendant asserts that plaintiffs have been fully compensated for any loss which they sustained by virtue of insurance carried on the property. Hence defendant argues plaintiffs are not the real parties in interest, and that the insurance company, by operation of law, is subrogated to such rights as plaintiffs might have exerted before they were compensated for their loss by the insurance company.

Where an insurance company, pursuant to the terms of its contract of insurance, indemnifies the insured for loss resulting from a wrongful act of a third person, it is by operation of law subrogated to the extent of such payment to the rights of its insured against the tort-feasor. *Winkler v. Amusement Co.,* 238 N.C. 589, 79 S.E. 2d 185; *Lyon & Sons v. Board of Education,* 238 N.C. 24, 76 S.E. 2d 553; *Burgess v. Trevathan,* 236 N.C. 157, 72 S.E. 2d 231; *Ins. Co. v. R. R.,* 179 N.C. 255, 102 S.E. 417; *Powell v. Water Co.,* 171 N.C. 290, 88 S.E. 426; *Cunningham v R. R.,* 139 N.C. 427; *U. S. v. Aetna Cas. & S. Co.,* 338 U.S. 366, 94 L. Ed. 171.

The principle has found its most frequent application in cases involving the destruction of property by fire and collisions of automobiles. It is of course not limited to cases of that kind. *City of Seattle v. Lloyd's Plate Glass Ins. Co.,* 253 F. 321, and *Maryland Casualty Co. v. Cherryvale Gas, Light & P. Co.,* 162 P. 313, were cases growing out of the destruction of plate glass windows by explosions. *Contractors, Pacific Naval Air Bases v. Pillsbury,* 105 F. Supp. 772, presented the right of a hospital association to reimbursement of hospital expenses paid to a member of the association, an employee of plaintiff, which plaintiff employer was legally obligated to pay under the Longshoremen's and Harbor Workers' Compensation Act.

All damages sustained by the injured as a result of a single wrong must be recovered in a single action. *Gaither Corp. v. Skinner,* 241 N.C. 532, 85 S.E. 2d 909; *Bruton v. Light Co.,* 217 N.C. 1, 6 S.E. 2d 822; *Underwood v. Dooley,* 197 N.C. 100, 147 S.E. 686.

When the insurance company has paid only part of the loss resulting from defendant's tort, the insurer is subrogated only to the extent of the payment. The injured party has the right to maintain an action for all the damage resulting from the tortious act of defendant. He holds the recovery in trust for himself and the insurance company in accordance with their respective rights. *Burgess v. Trevathan, supra; Powell v. Water Co., supra.* The insurer is a proper but not a necessary party where only partial compensation has been made. *Taylor v. Green,* 242 N.C. 156, 87 S.E. 2d 11.

Where, however, the insurance company has fully compensated its insured for all damages he has sustained, the insured no longer is the real party in interest. No right of action vests in him. The insurer is the real and only party interested in the result and hence the only party that can maintain the action. *Burgess v. Trevathan, supra; Insurance Co. v. Motor Lines,* 225 N.C. 588, 35 S.E. 2d 879; *Underwood v. Dooley, supra; Cunningham v. R. R., supra.*

Defendant does not seek to have the insurance carrier made a party plaintiff on the theory that it is a proper party, having compensated plaintiffs for a portion of their loss, but pleads the fact that plaintiffs had been fully compensated, terminating any right of action which they may have. If the facts be as alleged, plaintiffs no longer have a' right of action. Such as they had has passed to the insurer. Defendant could not show the facts without pleading them. It follows that there was error in striking defendant's second further defense. *Weant v. McCanless,* 235 N.C. 384, 70 S.E. 2d 196; *Lutz Industries, Inc. v. Dixie Home Stores,* 242 N.C. 332, 88 S.E. 2d 333; *Dunn v. Dunn,* 242 N.C. 234, 87 S.E. 2d 308.

The order striking the separate further defenses pleaded by defendant is

Reversed.