S. A. SCHLOSS, JR., MARY JANE SILVERMAN, AND FLORETTE SCHLOSS WILE, TRADING AS SCHLOSS POSTER ADVERTISING COMPANY, A PARTNERSHIP v. JAMES CLARENCE HALLMAN AND B. L. BECK.

(Filed 22 November, 1961.)

**1. Appeal and Error § 49—**

Ordinarily, when the court's conclusion of law is not supported by findings of fact the cause must be remanded on defendant's exceptions, but when the evidence is insufficient to make out a case, the judgment in favor of plaintiff will be reversed on defendant's exception to the refusal of the court to grant his motions for judgment as of nonsuit.

**2. Automobiles § 14—**

A motorist upon a four-lane street having two lanes for travel in each direction may overtake and pass another vehicle traveling in the same direction to the right of such other vehicle, G.S. 20-150.1(b) and, when such street is in the business or residential section of a municipality, he is not under duty to sound his horn before passing or attempting to pass, G.S. 20-149(b).

**3. Same—**

A motorist traveling along the right lane of a four-lane street is not under duty to anticipate that another motorist traveling in the same direction in the left lane for travel in such direction will suddenly turn directly in front of him into the right lane without giving timely signal, especially when the drivers are not approaching an intersection which might give the one notice that the other would turn from his lane of travel in order to enter the intersection.

**4. Automobiles § 7—**

A motorist is not bound to anticipate negligence on the part of another in the absence of anything to indicate otherwise.

**5. Automobiles § 19;   Negligence § 3—**

   A driver confronted with a sudden emergency will not be held to
·the wisest choice of conduct but only to such choice as a person of
ordinary care and prudence would have made under similar circum-
stances.

**6. Automobiles § 41d—   Evidence held insufficient to establish negligence
on part of motorist forced off the street by negligence of another.**

   Evidence tending to show that defendant driver was traveling in the
right lane of a wet four lane street, that as he was attempting to pass
another vehicle traveling in the same direction in the left lane for travel
in such direction, such other vehicle turned into the right lane im-
mediately in front of him, and that defendant thus confronted with the
sudden emergency, applied his brakes and turned his wheels to the right
in order to avoid collision with the other vehicle and a vehicle follow-
ing immediately behind him, and that when his wheel hit the curb he
lost control of his vehicle, which went across the curb and sidewalk and
down an incline and hit plaintiff's billboard, *is held* insufficient to make
out a case of actionable negligence on the part of defendant.

**7. Trespass § 1—**

   A motorist without fault who is forced off the highway and onto
plaintiff's property as a result of negligence of another motorist may not
be held liable for the resulting damage to the realty.

APPEAL by defendant B. L. Beck from *Craven, Special Judge,* 6
February 1961 Special Civil Term of MECKLENBURG.

This is a civil action in which the plaintiff partnership seeks to re-
cover for damages caused to its 4-panel poster advertising board on
28 April 1959, when the truck owned by defendant B. L. Beck ran
off West Fifth Street in the City of Charlotte, North Carolina, and
damaged said board. The truck was being operated in an easterly di-
rection in the 1100 block of said street when the alleged damage oc-
curred.

The plaintiffs allege in their complaint that the billboard was de-
stroyed as a result of the negligence of James Clarence Hallman, em-
ployee of defendant B. L. Beck, while driving a 1950 Ford wrecker-
truck owned by Beck, within the scope and course of his employment.
Hallman was not served with process in this action.

By mutual consent the action against Beck was heard by the trial
judge without a jury pursuant to the provisions of G.S. 1-539.3, *et seq.,*
governing the adjudication of small claims.

The findings of fact pertinent to this appeal may be summarized as
follows: West Fifth Street which runs in an easterly and westerly
direction is 50 feet wide and has four traffic lanes, two for eastbound
traffic and two for westbound traffic, all four lanes being properly
marked; that plaintiff's billboard is located ten feet to the south of

West Fifth Street, just west of Irwin Creek; that Andrill Terrace is a street which intersects West Fifth Street at a right angle, approximately 300 feet west of Irwin Creek; that immediately prior to the accident, Hallman was driving the wrecker at a speed of approximately 30 miles per hour in an easterly direction in the outside or curb lane of West Fifth Street as it approached the Andrill Terrace intersection; that before the wrecker reached the intersection, a Pontiac automobile proceeding in a northerly direction on Andrill Terrace turned into the inside or left-hand eastbound lane on West Fifth Street; that the Pontiac was traveling at a slower rate of speed than the wrecker driven by Hallman; that while the Pontiac was proceeding eastwardly in the inside lane, the driver of the wrecker approached it from the rear in the outside lane and undertook to pass the Pontiac "without slowing down and without applying his ' brakes or sounding his horn." That when the driver of the wrecker was in the act of passing the Pontiac, the driver of the Pontiac, without giving a signal, turned into the outside lane; that Hallman turned the truck to the right into the curb on West Fifth Street to avoid a collision; that there was another vehicle traveling east just behind the wrecker in the inside lane when the Pontiac turned into the outside lane; that Hallman lost control of the wrecker due to the impact with the curb; that the point where the wrecker turned into the curb was less than 100 feet from plaintiffs' billboard; that the wrecker jumped over the curb and ran into the billboard, destroying it. The Pontiac did not stop.

From the foregoing findings of fact the court concluded as a matter of law that Hallman "failed to apply his brakes immediately after the Pontiac had come out in front of him, when in the exercise of due care he should have done so, but instead immediately attempted to pass the Pontiac when he knew or should have known that the Pontiac was in the act of making a sudden and hazardous turn and that a continuation of the turn would bring the Pontiac into the right or outside lane constituted, under these circumstances, failure to exercise due care, and that this failure to exercise due care on the part of defendant's driver was one of the proximate causes of the collision."

Based on said findings of fact and conclusion of law, the trial judge entered a judgment against the defendant B. L. Beck in the sum of $1,000, plus the costs of the action to be taxed by the Clerk.

The defendant Beck appeals, assigning error.

*Dockery, Ruff, Perry, Bond & Cobb for appellees.*
*Carpenter, Webb & Golding; John A. Mraz for appellant.*

DENNY, J. A careful examination of this record reveals that ·the

SCHLOSS v. HALLMAN.

conclusion of law set out hereinabove is not supported by the findings of fact. Neither is there any evidence to support the finding that the driver of the Beck truck failed to blow his horn before attempting to pass the Pontiac automobile. There is no evidence whatever in the record as to whether Hallman did or did not blow his horn before attempting to pass said automobile.

The evidence, however, does reveal that before the driver of Beck's truck reached the intersection of Andrill Terrace and West Fifth Street, a Pontiac automobile operated by a lady with two small children as passengers, turned from Andrill Terrace into the inside or northernmost lane for eastbound traffic on West Fifth Steet. The Pontiac car proceeded east in the inside lane for a distance of approximately 200 feet. When Hallman, traveling in the curb or outside lane at a speed of approximately 30 miles per hour, undertook to pass the Pontiac, the driver of the Pontiac, without giving a signal, pulled into the outer or curb lane only twenty feet ahead of the Beck truck which was traveling faster than the Pontiac.

The evidence further tends to show that the driver of the Beck truck in his effort to avoid a collision with the Pontiac or with another vehicle traveling in the same direction in the left or inner eastbound lane just behind the Beck truck, hit the curb, applied his brakes, lost control of his vehicle which went across the curb, the sidewalk, and down an incline and hit the plaintiffs' billboard. The Pontiac never stopped and the driver thereof is not identified on this record.

The defendant is entitled to a new trial if the evidence is sufficient to carry the case to the jury. Hence, we shall consider the defendant's assignment of error based on his exceptions to the failure of the court below to grant his motion for judgment as of nonsuit interposed at the close of plaintiffs' evidence and renewed at the close of all the evidence.

G.S. 20-150.1 in pertinent part provides. "The driver of a vehicle may overtake and pass upon the right of another vehicle only under the following conditions: * * * (b) Upon a street or highway with unobstructed pavement of sufficient width which have been marked for two or more lanes of moving vehicles in each direction and are not occupied by parked vehicles."

It is clear that under the circumstances revealed by the record herein, the driver of the defendant's truck was under no duty to sound his horn before passing or attempting to pass a vehicle proceeding in the same direction in another lane, while traveling within a business or residential district. G.S. 20-149 (b). The accident complained of by the plaintiffs occurred in the 1100 block of West Fifth Street in the City of Charlotte. Moreover, there is no evidence of an intersection into which the driver of the Pontiac might have turned to put Beck's

driver on notice that the driver of the Pontiac might enter his lane of traffic in order to turn into such intersection. Therefore, the driver of defendant Beck's truck was under no duty to anticipate that the driver of the Pontiac would turn to the right directly in front of him without giving a timely signal and at a time when the Pontiac was only 20 feet ahead of the approaching truck which was traveling approximately 30 miles per hour, which was a greater rate of speed than the Pontiac was traveling.

The driver of a motor vehicle is not bound to anticipate negligence on the part of another driver, in the absence of anything to indicate otherwise. 5A Am. Jur., Automobiles and Highway Traffic, section 204, page 354; *Simmons v. Rogers,* 247 N.C. 340, 100 S.E. 2d 849; *Garner v. Pittman,* 237 N.C. 328, 75 S.E. 2d 111; *Cox v. Lee,* 230 N.C. 155, 52 S.E. 2d 355; *Reeves v. Staley,* 220 N.C. 573, 18 S.E. 2d 239.

Here, as in the case of *Simmons v. Rogers, supra,* Hallman was confronted with a sudden emergency. The street was wet, it was raining, and a car driven by a woman with two small children as passengers, suddenly and without warning turned into Hallman's lane of travel only 20 feet ahead of him. "One who is required to act in an emergency is not held by law to the wisest choice of conduct, but only to such choice as a person of ordinary care and prudence, similarly situated, would have made." *Ingle v. Cassady,* 208 N.C. 497, 181 S.E. 562; *Ingram v. Smoky Mountain Stages,* 225 N.C. 444, 35 S.E. 2d 337; *Winfield v. Smith,* 230 N.C. 392, 53 S.E. 2d 251; *Powell v. Lloyd,* 234 N.C. 481, 67 S.E. 2d 664; *Henderson v. Henderson,* 239 N.C. 487, 80 S.E. 2d 383; *Cockman v. Powers,* 248 N.C. 403, 103 S.E. 2d 710; 38 Am. Jur., Negligence, section 41, page 687; 65 C.J.S., Negligence, section 17, page 408.

There is no evidence on this record tending to show that the choice made by Hallman in his effort to avoid a collision with the Pontiac was not such choice as a person of ordinary care and prudence would have made under similar circumstances. Accordingly, if Hallman exercised "such care as an ordinarily prudent man would exercise when confronted by a like emergency, he is not liable for an injury which resulted from his conduct, even though another course of conduct would have been more judicious, or even though another course of conduct would have been safer, or might even have avoided the injury, as under such circumstances the injury is regarded as an inevitable accident." 65 C.J.S., Negligence, section 17, page 409.

Even so, the plaintiffs contend that irrespective of negligence, they are entitled to recover the relief they seek on their second cause of action as a result of the trespass of the defendant Beck's truck driver upon the land on which their advertising poster was located, which land

the plaintiffs are in legal possession by virtue of a lease between themselves and the Piedmont and Northern Railway Company.

In Restatement of the Law of Torts, section 166, page 394, it is said: "Except where the actor is engaged in an extra-hazardous activity, an unintentional and non-negligent entry on land in the possession of another or causing a thing or third person to enter the land, does not subject the actor to liability to the possessor, even though the entry causes harm to the possessor or to a thing or. third person in whose security the possessor has a legally protected interest." See also *Smith v. Pate*, 246 N.C. 63, 97 S.E. 2d 457. This contention cannot be sustained on this record.

Moreover, a careful consideration of all the evidence adduced in the hearing below leads us to the conclusion that the evidence is insufficient to establish actionable negligence on the part of Hallman, and that the exception to the refusal of the court below to sustain the appellant's motion for judgment as of nonsuit is well taken and will be upheld.

The judgment below is

Reversed.