THOMAS SMITH AND JEANNIE RUTH HEGGINS v. GORDON T. VonCANNON AND KIRK'S TAXI SERVICE, INC.

No. 7319DC45

(Filed 21 February 1973)

1. **Principal and Agent § 4— absence of proof of agency— directed verdict for principal**

    Where there is no evidence presented tending to establish an agency relationship, the alleged principal is entitled to a directed verdict.

2. **Negligence §§ 52, 59; Trespass §§ 1, 7— taxi driver entering driveway — licensee — taxi striking house during assault by passenger — absence of negligence by driver**

    Defendant taxi driver entered plaintiffs' land as a licensee, not a trespasser, when he drove upon their driveway at the end of a road in a remote area and is not strictly liable for all harm caused but is liable only for injury proximately caused by his negligence or intentionally inflicted by him; consequently, defendant driver is not liable to plaintiffs for damages caused when the taxi rolled down a hill and struck their house while the driver was attempting to defend himself from an assault by the passenger.

Judge BROCK dissenting.

APPEAL by plaintiffs from *Warren, Judge,* 17 July 1972 Session of ROWAN County District Court.

This is a civil action instituted by plaintiffs to recover for damage to their home located on York Road in Salisbury, North Carolina, which allegedly occurred as a result of a trespass on their land committed by VonCannon as the agent of the corporate defendant, Kirk's Taxi Service, Inc.

Plaintiffs' evidence tended to show the following facts: On 27 April 1971, at about 9:30 p.m., plaintiff Heggins, who lived in the home with her six children, returned to the home and discovered that one end of the house had been crushed inward. The interior of the house was severely damaged, and a hole through the wall allowed the winter weather and deleterious objects to enter the house.

Sometime before 9:00 that evening, defendant VonCannon was sitting in his cab outside the cabstand when a colored man came across the street and got into the back and said he wanted to go out on Bringle Ferry Road. VonCannon drove him out there and was then told to go down York Road and on reaching the end VonCannon pulled into the right and stopped. At this time VonCannon was four to six feet from a house which was

lower than the York Road. The driveway went downhill to the house. At this time the man in the back hit VonCannon several times on the head. VonCannon turned to defend himself and the assailant jumped out and ran and has not been arrested. During this time the automobile rolled down the hill and damaged the house. VonCannon did not lose consciousness but was bleeding about the head and went to the hospital.

At the close of plaintiffs' evidence a defense motion for directed verdict was granted on the grounds that plaintiffs' evidence did not show an "unlawful" trespass, and that there was no evidence of an agency relationship between VonCannon and Kirk's Taxi Service, Inc.

*Burke & Donaldson by Arthur J. Donaldson for plaintiff appellants.*

*Kluttz and Hamlin by Lewis P. Hamlin, Jr. and Richard R. Reamer for defendant appellees.*

CAMPBELL, Judge.

[1]  Agency is a fact to be proved as any other, and where there is no evidence presented tending to establish an agency relationship the alleged principal is entitled to a directed verdict. *Lindsey v. Leonard,* 235 N.C. 100, 68 S.E. 2d 852 (1952). The directed verdict in favor of defendant Kirk's Taxi Service, Inc., was therefore proper.

[2]  The plaintiffs contend that defendant VonCannon entered their land without permission or consent, that VonCannon is therefore a trespasser, and that he is, as a result of the trespass, strictly liable for all harm caused. Plaintiffs rely on *Dougherty v. Stepp,* 18 N.C. 371 (1835). We do not concur in the plaintiffs' theory of this case. On the contrary, it is the opinion of this Court that the defendant VonCannon entered the driveway on plaintiffs' property as a licensee.

> "A licensee is a person who is neither a customer nor a servant nor a trespasser and does not stand in any contractual relation with the owner . . . and who is permitted, expressly or impliedly, to go thereon merely for his own interest, convenience or gratification. . . . " *Pafford v. Construction Co.,* 217 N.C. 730, 9 S.E. 2d 408 (1940).

We are of the opinion that the defendant in the instant case was entitled to assume, when he entered plaintiffs' drive-

way, that he had the landowner's consent to do so. In the words of the plaintiff, "My home is out in a remote area at the end of a road and the driveway turns off there at the end of that road into my house." The license, or consent to enter, may, of course, be denied by the landowner with some expression of intent to that effect, or may terminate where the extent of the privilege is abused by some conduct on the part of the licensee, in which case his continued presence would constitute a trespass.

In the instant case there is neither evidence that VonCannon knew beforehand that he did not have permission to enter, nor that VonCannon committed any act in abuse of the privilege. Since he is not a trespasser, it is clear that his liability for harm is determined by ordinary principles of tort law; he is liable for injury which is a proximate result of his negligence, or which is intentionally inflicted by him. Compare *Smith v. Pate,* 246 N.C. 63, 97 S.E. 2d 457 (1957) and *Schloss v. Hallman,* 255 N.C. 686, 122 S.E. 2d 513 (1961).

Since the plaintiffs' property damage is not the *proximate* result of any wrongful conduct on the part of the defendant VonCannon, he is not liable to them for their unfortunate damages.

No error.

Judge GRAHAM concurs.

Judge BROCK dissents.

Judge BROCK dissenting.

In my opinion the opening of a private driveway from the street to a residence does not constitute an invitation to the general public to use it for the purpose of turning around.