EARL SAMUEL FARMER v. EARL DAVIS CHANEY AND WIFE, BETTY BOWLIN CHANEY

No. 66

(Filed 14 April 1977)

Automobiles § 60— skidding on water — insufficient evidence of negligence

In a passenger's action to recover for injuries received when the car in which he was riding skidded on water and overturned, plaintiff's evidence was insufficient to support an inference that defendant driver was negligent in (1) operating his automobile at an excessive speed, (2) failing to keep a proper lookout, or (3) failing to keep his vehicle under proper control where it tended to show that it was dark and raining heavily; defendant was talking to plaintiff at the time while driving at 35 to 40 miles per hour in a 55 mile-per-hour zone; such speed was reasonable and prudent under existing conditions; the car skidded on a sheet of water one-eighth inch deep, eighteen to twenty feet wide, flowing across the road at right angles; defendant did not see the sheet of water so as to distinguish it from the downpour of rain and recognize the added hazard thus created; and a highway patrolman, traveling in the opposite direction on the other side of a median, did see a similar sheet of water running across his lane because he was already aware of the hazard.

PLAINTIFF appeals from decision of the Court of Appeals, 29 N.C. App. 544, 225 S.E. 2d 159 (1976), upholding judgment of *Collier, J.*, 15 September 1975 Session, RANDOLPH Superior Court. This case was docketed and argued in this Court as case No. 57 at the Fall Term 1976.

This is an action to recover damages for personal injuries sustained while plaintiff was a passenger in an automobile owned by Betty Chaney and operated by Earl Davis Chaney.

Patrolman R. D. Smith, witness for plaintiff, testified that at approximately 9:30 p.m. on 6 July 1974 he was driving north on U. S. Highway 220 just north of Mayodan. U. S. 220 at that point has two lanes for northbound traffic separated by a grass

median from two lanes for southbound traffic. All travel lanes are twenty-four feet wide, and the grass median is twenty feet wide. It had been raining intermittently all day and a heavy rain was falling at the time of the accident in which plaintiff was injured. Patrolman Smith observed an automobile, later determined to be the Chaney car, in a southbound lane coming toward him. At about the same time he saw water, eighteen to twenty feet in width and approximately one-eighth inch in depth, flowing from west to east across his lane of travel. The two automobiles were about equidistant from the flow of water and were approaching it from opposite directions at a speed of 35 to 40 miles per hour. Patrolman Smith knew surface water flowed across U. S. 220 at that point because he had hit and skidded through the flow on a previous occasion. He slowed down as he approached the water and then saw defendant's car hit the water, skid into the median and overturn. Trooper Smith proceeded to the nearest crossover about a quarter of a mile away, crossed into the southbound lane and returned to the overturned Chaney car. In a conversation there at the scene of the accident, defendant Earl Chaney stated: "I hit the water. . . . We were talking and the next thing I knew we were over here in the median. . . . I must have lost it when I hit this water."

Defendants' motion for directed verdict at the close of plaintiff's evidence was allowed. That judgment was upheld by the Court of Appeals with Hedrick, J., dissenting. Plaintiff thereupon appealed to the Supreme Court pursuant to G.S. 7A-30(2).

*Ottway Burton, attorney for plaintiff appellant.*

*Allan R. Gitter and William C. Raper of Womble, Carlyle, Sandridge & Rice, attorneys for defendant appellants.*

HUSKINS, Justice.

Defendants moved for a directed verdict at the close of plaintiff's evidence. The motion was allowed, and plaintiff's sole assignment of error is addressed to the propriety of that ruling.

On motion by a defendant for a directed verdict at close of plaintiff's evidence in a jury case, as here, the evidence must be taken as true and considered in the light most favorable to

plaintiff. When so considered, the motion should be allowed if, as a matter of law, the evidence is insufficient to justify a verdict for the plaintiff. G.S. 1A-1, Rule 50(a), Rules of Civil Procedure; *Investment Properties v. Allen,* 281 N.C. 174, 188 S.E. 2d 441 (1972), *vacated on other grounds,* 283 N.C. 277, 196 S.E. 2d 262 (1973); *Adler v. Insurance Co.,* 280 N.C. 146, 185 S.E. 2d 144 (1971); *Kelly v. Harvester Co.,* 278 N.C. 153, 179 S.E. 2d 396 (1971).

Examination of the complaint reveals that plaintiff alleged negligence on defendant's part in that he (1) operated the automobile at a speed greater than was reasonable and prudent under conditions then existing, (2) failed to keep a proper lookout, and (3) failed to keep the vehicle under proper control. For the reasons which follow, we hold that the evidence offered was insufficient, as a matter of law, to support any of these allegations so as to justify a verdict for the plaintiff.

Only three witnesses—the plaintiff, his wife, and Patrolman R. D. Smith—testified. The testimony of plaintiff and his wife deals with the nature and extent of the injuries, lost wages, pain and suffering, and other matters bearing upon the measure of damages. As to negligence on defendant's part, the case must stand or fall on the testimony of Trooper Smith.

With respect to the speed of the Chaney car, Trooper Smith testified that it was being operated at a speed of 35 to 40 miles per hour in a 55 mile-per-hour zone. The highway on which the accident occurred is a hard-surfaced four-lane road with a 20-foot wide grass median. Each travel lane is twenty-four feet wide. Although the accident occurred at night in a heavy rain, Trooper Smith testified he himself was driving at a speed of 35 to 40 miles per hour and considered that to be a safe speed for the existing conditions. There is no evidence to the contrary —not even from plaintiff himself. Obviously the allegation of negligence based on excessive speed finds no support in the evidence.

Likewise, plaintiff's allegation that defendant failed to keep a proper lookout and failed to keep the vehicle under proper control is unsupported by the evidence. All the evidence tends to show that when the car hit the water flowing across the highway, it immediately skidded into the median and flipped over. Plaintiff himself testified that "[w]e was talking, and about that time we ran into water. I heard it hit under the

car, and the next thing I know the car flipped over." This testimony, absent evidence to the contrary, forestalls every reasonable inference of negligent operation of the car after it began to skid.

The "mere skidding of a motor vehicle is not evidence of, and does not imply, negligence. [Citations omitted.] The skidding of a motor vehicle while in operation may or may not be due to the fault of the driver. [Citations omitted.] Skidding may be caused or accompanied by negligence on which liability may be predicated." *Hardee v. York,* 262 N.C. 237, 136 S.E. 2d 582 (1964); *accord, Webb v. Clark,* 264 N.C. 474, 141 S.E. 2d 880 (1965).

In *Webb v. Clark, supra,* the plaintiff's evidence established that the road was "wet and icy" generally but not near the point of the accident. A passenger called the driver's attention to a patch of ice *just before the car skidded on it.* This evidence was held to be insufficient to show that the condition of the highway in the area where the skidding commenced was such that skidding could be reasonably anticipated, "and does not show that the skidding of the automobile was caused by any failure of defendant to keep a proper lookout and to exercise reasonable care and precaution to avoid it." The facts in this case are analogous.

Even so, plaintiff argues that defendant's negligence occurred before the car struck the water, skidded and overturned. Plaintiff strongly contends that the failure of the defendant to see the water flowing across the highway, appreciate the threat it posed and reduce his speed accordingly would permit a jury to find that defendant failed to keep a proper lookout resulting in injury to plaintiff, and thus require submission of that question to the jury. He argues that since Trooper Smith saw the water, defendant could and should have seen it also and taken appropriate precautions.

Here, the evidence considered in the light most favorable to plaintiff would permit a jury to find: (1) It was dark and raining heavily; (2) defendant was talking to plaintiff at the time while driving at 35 to 40 miles per hour in a 55 mile-per-hour zone; (3) such speed was reasonable and prudent under existing conditions; (4) the car skidded on a sheet of water one-eighth inch deep, eighteen to twenty feet wide, flowing across the road at right angles; (5) defendant did not see the sheet

of water so as to distinguish it from the downpour of rain and recognize the added hazard thus created; and (6) Trooper Smith, going in the opposite direction on the other side of the median, did see a similar sheet of water running across his lane because he was already aware of the hazard, having "slid through it once myself before I found out it was there."

We hold that the foregoing evidence is insufficient to raise a permissible inference that defendant failed to keep a proper lookout or failed to keep his vehicle under proper control. According to Trooper Smith, and his testimony is uncontradicted, the water flowing across the highway was a thin film about one-eighth inch deep. It was raining hard at the time and the surface of the highway was already covered with water from the heavy downpour. Under these conditions it is not perceived how a reasonably prudent person similarly situated could and should have distinguished the flowing water from the rain-water on the roadway in time to realize the added hazard and take precautions to avoid it. Trooper Smith saw it only because he "slid through it once" himself before he found out it was there. We hold that the evidence is insufficient to make out a *prima facie* case of actionable negligence. Defendants' motion for directed verdict was therefore properly allowed.

For the reasons stated the decision of the Court of Appeals is

Affirmed.