PACIFIC SOUTHBAY INDUSTRIES, INC. v. SURE-FIRE DISTRIBUTING, INC.

No. 8028SC294

(Filed 7 October 1980)

**Accounts § 2; Contracts § 26.2; Principal and Agent § 5 — action on account stated — more extensive contract with agent alleged — authority of agent — evidence improperly excluded**

In an action to recover the balance due for recreational vehicle seats manufactured by plaintiff and sold to defendant where plaintiff characterized the balance due as an account stated, the trial court erred in excluding defendant's evidence of a more extensive warehousing and distribution contract entered into by defendant with plaintiff's sales manager who represented that he owned plaintiff corporation, and the case is therefore remanded for a determination of whether the sales manager had authority to bind plaintiff in a warehousing and distribution contract, whether such a contract did exist between the parties and, if so, what its terms were, whether the contract was breached, defendant's damages, if any, and whether any set-off for the allegedly defective condition of some of the seats should be allowed.

APPEAL by defendant from *Gaines, Judge.* Judgment entered 24 October 1979 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals at Waynesville on 28 August 1980.

Plaintiff is a California-based corporation engaged in the business of manufacturing recreational vehicle products, primarily seats. Defendant is a North Carolina corporation which distributes accessories for recreational vehicles. During 1977 and 1978, plaintiff, pursuant to an express contract, shipped its merchandise to defendant so that by the middle of 1978 defendant owed plaintiff a balance of $7,473.89. Plaintiff filed this action to collect the balance, characterizing it as an account stated. Defendant answered, admitting the debt with certain set-offs, and counterclaimed for damages. From a judgment granting plaintiff a directed verdict on the account stated and dismissing with prejudice defendant's counterclaim, defendant appealed.

*Wesley F. Talman Jr. for plaintiff appellee.*

*Riddle, Shackelford & Hyler, by George B. Hyler Jr., for defendant appellant.*

HILL, Judge.

Appellant failed to file the record on appeal within 150 days of his notice of appeal in violation of App. R. 12(a), but did file within 150 days from the date the judgment was signed. At oral argument, appellant moved the Court to consider the appeal as a petition for writ of certiorari and subsequently filed a written petition. This Court, in its discretion and pursuant to App. R. 21(a), allows the motion. Furthermore, pursuant to App. R. 2, the Court suspends App. R. 28 for purposes of this appeal.

Defendant's counterclaim alleges that it entered into a more extensive contract with plaintiff than is evidenced by the account stated. Defendant's officers stated to the Court, out of the presence of the jury, that they were contacted by Bill Haynes in September 1977. Haynes was plaintiff's sales manager and allegedly represented himself as the owner of plaintiff corporation. The officers testified that they agreed with Haynes that defendant would serve as the southeastern warehouse for plaintiff and provide 6,000 square feet for the storage of plaintiff's products. Defendant's officers stated the contract allowed defendant to sell plaintiff's seats on a demand basis and that pursuant to the contract defendant published two full pages in its catalog showing plaintiff's products.

The trial court did not allow defendant's officers to testify before the jury about their alleged conversations with Haynes. The court stated that "[a]ny misrepresentation Haynes made is not through his agency or his authority." Defendant excepted.

We agree with defendant that testimony regarding the alleged contract should have been admitted. The issue for our determination is not whether a contract as extensive as defendant alleges existed between the parties. The issue is whether there was enough evidence to go to the jury on the issue of whether Bill Haynes had apparent authority as plaintiff's agent to enter into such a contract.

> [W]here there is no evidence presented tending to establish an agency relationship the alleged principal is entitled to a directed verdict. (Citation omitted.)

*Smith v. VonCannon,* 17 N.C. App. 438, 439, 194 S.E. 2d 362 *affirmed* 283 N.C. 656, 197 S.E. 2d 524 (1973). But where, as in this case, evidence is presented, "[a]gency is a fact to be proved as any other ... ." *Smith, supra.* "Once the existence of the

agency and the extent of the authority is established ... the burden devolves upon the principal to show that he thereafter terminated the agency or limited the authority ... ." *Harvel's Inc. v. Eggleston*, 268 N.C. 388, 394, 150 S.E. 2d 786 (1966).

Apparent authority "is that authority which the principal ... has permitted the agent to represent that he possesses." *Zimmerman v. Hogg & Allen*, 286 N.C. 24, 31, 209 S.E. 2d 795 (1974). The determination of plaintiff's liability must be determined by what authority defendant, in the exercise of reasonable care, was justified in believing that plaintiff had conferred upon Haynes. *Zimmerman, supra.*

According to defendant's officers' statements to the trial court, Haynes, the admitted sales manager of plaintiff, called defendant and identified himself as the owner of plaintiff Southbay. Haynes allegedly told defendant's officers he wanted defendant to market plaintiff's products and serve as an east coast warehouse and distribution center.

Pursuant to the alleged conversations, photographs and art work were promptly sent to defendant so that it could include plaintiff's products in the catalog it was preparing for the next year. Furthermore, fabric samples, price lists and inventory were sent to defendant. Haynes' activities, although consistent with the functions of a sales manager, were also consistent with the actions of the owner of a small manufacturer who desired to open a market a continent away. It would be important to such an owner to establish an eastern warehouse, get its product into defendant's new catalog and have an inventory in defendant's warehouse by the time the catalog was sent out. Haynes did all of these things. The trial court erred when it excluded defendant's testimony.

Defendant also excepted to the trial court's action allowing plaintiff's motion for a directed verdict and dismissing defendant's counterclaim. In light of our finding that defendant should have been allowed to introduce testimony concerning its alleged contract with plaintiff and the damages which arose from its alleged breach, the trial court's action in dismissing the counterclaim was improper. In addition, defendant alleged in its answer and counterclaim that certain set-offs were due on the outstanding balance that it admitted to, and introduced

---

In re Armstrong

---

evidence supporting the allegation. Whether the set-offs should be allowed presents an issue of fact for jury determination.

Defendant excepts finally to the trial court's action in allowing plaintiff to amend its prayer for relief to ask for six per cent interest from the date all of the invoices became due and payable. The trial court acted properly. Upon remand, any damages that defendant can prove must be subtracted from the amounts that it has admitted it owes plaintiff.

For the reasons stated above, the case is remanded for a determination of whether Bill Haynes had authority to bind plaintiff in a warehousing and distribution contract; whether such a contract did in fact exist between the parties; if so, what the contract's terms were; and if the contract was breached, what defendant's damages are. A further determination must be made of whether any set-off for the allegedly defective condition of some of the seats should be allowed.

The directed verdict for the plaintiff at the close of all the evidence is affirmed. The directed verdict against the defendant on his counterclaim is reversed, and the cause is remanded to the superior court for further proceedings consistent with this opinion.

Affirmed in part, Reversed and Remanded.

Judges CLARK and MARTIN (Harry C.) concur.