WALTER L. HITCHCOCK v. KATHLEEN A. CULLERTON

No. 8518SC1388

(Filed 5 August 1986)

**Malicious Prosecution § 13— sufficiency of evidence**

The trial court erred in directing a verdict for defendant in plaintiff's action for malicious prosecution where plaintiff showed that defendant had instituted a criminal proceeding against him which was terminated in his favor; in that proceeding plaintiff was charged with communicating threats; plaintiff's evidence tended to show that he had never made the threatening statement in question to defendant and he thus raised the jury question as to whether probable cause existed; and plaintiff presented sufficient evidence from which malice could be inferred.

APPEAL by plaintiff from *John, Judge.* Judgment entered 24 July 1985 in Superior Court, GUILFORD County. Heard in the Court of Appeals 2 June 1986.

*Douglas, Ravenel, Hardy, Crihfield & Lung by Robert D. Douglas, III, for plaintiff appellant.*

*No counsel contra.*

COZORT, Judge.

The plaintiff instituted this action for malicious prosecution seeking to recover damages of $20,250.00 from the defendant. At trial the plaintiff presented evidence tending to show that on 25 June 1982 plaintiff and defendant, his neighbor, engaged in a verbal exchange concerning plaintiff's construction of a fence on his property which abutted the defendant's property. Subsequent to the exchange plaintiff was arrested on a warrant sworn out by the defendant alleging that plaintiff "did unlawfully and willfully threaten to physically injure the person of Kathleen A. Cullerton," the defendant here, on 25 June 1982. On 10 August 1982, the charge was dismissed by the District Attorney of Guilford Coun-

ty. The plaintiff testified that he did not communicate any threats to the defendant. After plaintiff presented his evidence, the defendant moved for a directed verdict which the trial court granted. The plaintiff appealed assigning error to the trial court's granting of the motion for a directed verdict and arguing that he presented sufficient evidence of each element of malicious prosecution to require submission of the case to the jury. We agree with the plaintiff and reverse the trial court.

The purpose of a motion for a directed verdict is to test the legal sufficiency of the evidence. G.S. 1A-1, Rule 50(a); *Wallace v. Evans*, 60 N.C. App. 145, 298 S.E. 2d 193 (1982). The evidence must be taken in the light most favorable to the plaintiff. *Farmer v. Chaney*, 292 N.C. 451, 233 S.E. 2d 582 (1977). Contradictions, conflicts, and inconsistencies in the evidence must be drawn in the plaintiff's favor. *Tripp v. Pate*, 49 N.C. App. 329, 271 S.E. 2d 407 (1980). The question presented on appeal is whether the evidence taken in the light most favorable to plaintiff is sufficient for submission of the case to the jury.

To establish malicious prosecution the plaintiff must show that the defendant instituted or caused to be instituted against him a criminal proceeding, with malice and without probable cause and that such proceeding was terminated in the plaintiff's favor. *Jones v. City of Greensboro*, 51 N.C. App. 571, 588, 277 S.E. 2d 562, 573 (1981). An action for malicious prosecution must be based on valid process. *Bassinov v. Finkle*, 261 N.C. 109, 134 S.E. 2d 130 (1964). The warrant must allege all the elements of the crime charged. *Id.*

The warrant in this case clearly and accurately alleged the crime charged. The defendant was arrested on a warrant which charged him with communicating threats. The warrant stated that "the defendant . . . did unlawfully and willfully threaten to physically injure the person . . . of Kathleen A. Cullerton. The threat was communicated to the person by Walter L. Hitchcock stating that if you will go and put on mans [*sic*] clothes and come back out Ill will [*sic*] Beat You Up . . . and Ill [*sic*] Take Care of You and the threat was made in a manner and under circumstances which would cause a reasonable person to believe that the threat was likely to be carried out and the person threatened believed that the threat would be carried out, in violation of G.S.

14-277.1." The warrant alleges all the constituent elements of the crime of communicating threats and thus amounts to valid process. Cf. *Jones, supra* (no crime alleged in warrant, merely facts which did not constitute any crime).

Whether probable cause exists is a question for determination for the jury. *Taylor v. Hodge*, 229 N.C. 558, 560, 50 S.E. 2d 307, 308-09 (1948). The test for determining want of probable cause in an action for malicious prosecution is whether a man of ordinary prudence and intelligence under the circumstances would have known that the charge had no reasonable foundation. *Bryant v. Murray*, 239 N.C. 18, 79 S.E. 2d 243 (1953). Plaintiff's evidence tended to show that he never made the threatening statement to the defendant. Plaintiff's evidence indicated that a hostile attitude had developed between plaintiff and defendant over the plaintiff's erection of a fence on his property. A confrontation between the plaintiff and defendant did occur on the 25th of June; however, plaintiff's evidence indicated that the defendant did most of the threatening. Plaintiff's evidence, taken in the light most favorable to him, tends to show a lack of probable cause to issue the warrant, in that he denies ever making the statement alleged in the warrant.

Malice may be inferred from the lack of probable cause and the conduct of the defendant. *Taylor v. Hodge, supra.* The evidence taken in the light most favorable to the plaintiff establishes a hostile attitude between the parties and want of probable cause. Thus, plaintiff presented sufficient evidence from which malice could be inferred.

Having examined the record, we hold that the evidence presented by the plaintiff, when considered in the light most favorable to the plaintiff, is sufficient to require submission to the jury of the claim for malicious prosecution. The trial court erred by directing a verdict for the defendant.

Reversed.

Chief Judge HEDRICK and Judge EAGLES concur.