LOUIS WILLIAM ALLISON v. FOOD LION, INCORPORATED

No. 8622SC520

(Filed 3 February 1987)

**Malicious Prosecution § 13.2— probable cause—evidence sufficient**

The trial court did not err by denying defendant's motions for a directed verdict and for j.n.o.v. in a suit alleging malicious prosecution arising from the prosecution of plaintiff for the unlawful concealment of two packs of cigarettes where plaintiff's evidence tended to show that he had purchased the cigarettes on his first trip to defendant's store and put them in his pocket; he had a receipt for the cigarettes but had not produced it because he was upset and because he had not been asked if he had a receipt; and defendant had declined to stop the prosecution when plaintiff returned the next day with the receipt.

---

---

Defendant's evidence to the contrary was a contradiction for the jury to resolve.

Judge PARKER dissenting.

APPEAL by defendant from *Mills, Judge.* Judgment entered 15 January 1985 in Superior Court, IREDELL County. Heard in the Court of Appeals 15 October 1986.

*Jay F. Frank for plaintiff appellee.*

*Palmer, Miller, Campbell & Martin by Douglas M. Martin for defendant appellant.*

COZORT, Judge.

Plaintiff filed suit against defendant alleging malicious prosecution resulting from the prosecution of Allison for unlawful concealment of two packs of cigarettes at the defendant's store. At the close of the plaintiff's evidence and at the close of all the evidence, defendant's motions for a directed verdict were denied. A $12,500 verdict was returned in favor of the plaintiff, and judgment was entered for the plaintiff in accordance with the jury verdict. Defendant appeals from the denial of its motions for directed verdict and motion for judgment notwithstanding the verdict and, in the alternative, for a new trial. We affirm the trial court's denial of the motions.

Plaintiff's evidence tends to show that on 13 October 1984, plaintiff, a 72-year-old retired fork lift operator, went to Food Lion in Statesville, North Carolina. He was going to meet a man in the parking lot concerning a power saw. While plaintiff was waiting he went in Food Lion between 4:30 and 5:00 p.m. and bought four packs of Tarleton cigarettes. The plaintiff had a receipt for $3.30 dated 13 October 1984, as representing the four packs of cigarettes at seventy-nine cents each. Plaintiff testified he told the cashier he did not need a "poke" and put two packs of the cigarettes in his shirt pocket and two in his pants pocket. He then returned to the parking lot to wait for the man to bring the saw. While waiting there the plaintiff opened one pack and began to smoke them.

After waiting for the man with the saw for approximately two hours, the plaintiff went back in the Food Lion store between

*Allison v. Food Lion, Inc.*

6:30 and 7:00 p.m. to buy a loaf of bread and a six-pack. Plaintiff had a receipt for the bread and six-pack dated 13 October 1984 with 7:21 p.m. printed on it. Plaintiff testified that as he was leaving the check-out line, a man hit him on the leg and said, "You ain't paid for those cigarettes in your pocket." Plaintiff told the man he had bought the cigarettes earlier that day, and they were already paid for. He then gave the man the cigarettes from his pants pocket and offered to pay for them again. Plaintiff testified he told the manager he did not take the cigarettes. The manager replied that he did not see him take the cigarettes. The manager saw the two packs in his shirt pocket, one of which was open. After that, the police came in and gave plaintiff a citation. Plaintiff was never told what the citation was for, but he suspected it was for taking the two packs of cigarettes. Plaintiff became very upset and nervous while all this was going on. He was allowed to leave the store after he received the citation.

Plaintiff testified he and his son went back to the store the next day to show the manager the sales receipt. He did not show the manager the receipts on the day of the incident because he was too upset to think of it, and no one asked him for them. Plaintiff was told by the store manager and the security officer that his case would still have to go to court. Plaintiff was acquitted of the unlawful concealment charge.

The defendant's evidence tended to show that two security guards, Donald Wilson, and his wife, Reela Wilson, saw the plaintiff pick up the two packs of cigarettes and put them in his pants pocket. After plaintiff paid only for the loaf of bread and six-pack, he tried to leave the store. Donald Wilson testified that when he took plaintiff into the manager's office, he asked him for a receipt for the cigarettes, and plaintiff had none. Tony Caldwell, Food Lion manager, testified he never asked plaintiff for a receipt, but he heard Wilson ask him.

Defendant contends on appeal that the motion for directed verdict should have been granted because plaintiff failed to present sufficient evidence that the defendant initiated the prosecution without probable cause, one of the elements plaintiff is required to show in an action for malicious prosecution.

> The purpose of a motion for a directed verdict is to test the legal sufficiency of the evidence. G.S. 1A-1, Rule 50(a);

*Wallace v. Evans*, 60 N.C. App. 145, 298 S.E. 2d 193 (1982). The evidence must be taken in the light most favorable to the plaintiff. *Farmer v. Chaney*, 292 N.C. 451, 233 S.E. 2d 582 (1977). Contradictions, conflicts, and inconsistencies in the evidence must be drawn in the plaintiff's favor. *Tripp v. Pate*, 49 N.C. App. 329, 271 S.E. 2d 407 (1980). The question presented on appeal is whether the evidence taken in the light most favorable to plaintiff is sufficient for submission of the case to the jury.

To establish malicious prosecution the plaintiff must show that the defendant instituted or caused to be instituted against him a criminal proceeding, with malice and without probable cause and that such proceeding was terminated in the plaintiff's favor. *Jones v. City of Greensboro*, 51 N.C. App. 571, 588, 277 S.E. 2d 562, 573 (1981).

*Hitchcock v. Cullerton*, 82 N.C. App. 296, 297, 346 S.E. 2d 215, 217 (1986).

Whether probable cause exists is a question for determination by the jury. *Taylor v. Hodge*, 229 N.C. 558, 560, 50 S.E. 2d 307, 308-09 (1948). The test for determining want of probable cause in an action for malicious prosecution is whether a man of ordinary prudence and intelligence under the circumstances would have known that the charge had no reasonable foundation. *Bryant v. Murray*, 239 N.C. 18, 79 S.E. 2d 243 (1953). Plaintiff's evidence tended to show he did not steal the cigarettes from Food Lion. He purchased the cigarettes on his first trip to the store and put them in his pocket. He had a receipt for the cigarettes when he was questioned by the guard and store manager, but he did not produce it then because he was upset and because he was not asked whether he had one. When he came back the next day and showed the receipt, the defendant declined to stop the prosecution. Defendant's evidence to the contrary, that he was asked for and did not produce the receipt, is a contradiction for the jury to resolve. Plaintiff's evidence is a sufficient showing of lack of probable cause.

Malice may be inferred from the lack of probable cause. *Taylor v. Hodge, supra.* The evidence taken in the light most favorable to the plaintiff is sufficient to raise an inference from which

the jury could find lack of probable cause. Thus, plaintiff presented sufficient evidence from which malice could be inferred.

We find the instant case analogous to *Williams v. Boylan-Pearce, Inc.*, 69 N.C. App. 315, 317 S.E. 2d 17 (1984), *aff'd*, 313 N.C. 321, 327 S.E. 2d 870 (1985). In that case, plaintiff was a part-time saleswoman at defendant's store during the Christmas season, working in the jewelry department. She had been told by other employees that employees could model the jewelry. One day at work she wore a pair of earrings and a bracelet from the display case, putting her own earrings in her purse under the counter. She returned the bracelet to the display case in the afternoon. In her haste to help close the store, she failed to return the earrings. After she left the store, she was seized by security, questioned at length by store employees, searched, and charged with misdemeanor larceny. She was found not guilty in court. In an action for malicious prosecution, she received a verdict of $1,000 in damages. On appeal, we upheld the trial court's submission of the case to the jury, denying defendant's motions for directed verdict and for judgment notwithstanding the verdict. Judge Wells wrote for our Court:

> The existence of probable cause is a mixed question of law and fact. . . . If the facts are admitted or not in dispute, it is a question of law for the court. . . . Conversely, when the facts are in dispute, the question of probable cause is for the jury. . . . In the case now before us, the facts were disputed, plaintiff's evidence tending to show that she took no earrings from defendant's stock, but only through forgetfulness, wore one pair out of the store, while defendant's evidence tended to show that Officer Lynch observed plaintiff putting something in her purse while she was working and that plaintiff did wear a pair of defendant's earrings out of the store. Thus, the question was for the jury, and we are persuaded that from the evidence, considered in the light most favorable to plaintiff, that after defendant's agents had concluded their investigation, they could not have harbored a reasonable suspicion that plaintiff had stolen defendant's earrings. Defendant's investigation disclosed no missing earrings nor disclosed that plaintiff had committed any trespass against defendant, an element of larceny. . . . Defendant's

motions for a directed verdict and for judgment N.O.V. were properly denied.

*Id.* at 319, 317 S.E. 2d at 20 (citations omitted).

We find the reasoning in *Williams* persuasive and hold that the trial court did not err in denying defendant's motions for directed verdict and for judgment notwithstanding the verdict.

Defendant contends in its brief that the trial court erred in denying its alternative motion for a new trial; however, defendant raises no arguments concerning this issue. Upon review of the record, we find no error.

No error.

Judge PHILLIPS concurs.

Judge PARKER dissents.

Judge PARKER dissenting.

I respectfully dissent. In my view the evidence taken in the light most favorable to plaintiff and giving plaintiff the benefit of every reasonable inference to be drawn therefrom does not raise a question of fact for the jury on the issue of probable cause. At the critical time, *i.e.*, the moment at which plaintiff was apprehended in defendant's store, the undisputed evidence was (i) plaintiff had come through the checkout line, (ii) he had in his pocket two packs of cigarettes, (iii) he said he had bought them on an earlier visit, (iv) he produced no receipt, (v) he offered to pay for the cigarettes again and (vi) two security guards said they had seen plaintiff put the cigarettes in his pocket. While plaintiff's statement conflicted with the security guard's statement, on the issue of probable cause, the only disputed fact before the jury in the civil action was whether the guard had asked plaintiff if he had a receipt. The pertinent inquiry is not whether defendant's store manager should have believed plaintiff, but rather whether under the circumstances existing at the time the criminal action was instituted, the store manager acted as a person of reasonable prudence in concluding that the crime charged had been committed. The fact that plaintiff was subsequently acquitted in the

criminal action is similarly not relevant to the issue of probable cause.

The standard to be applied was stated in *Taylor v. Hodge*, 229 N.C. 558, 560, 50 S.E. 2d 307, 309 (1948), as whether plaintiff has shown "that the defendant acted against his own light—laid the charge regardless of facts within his knowledge which should have convinced a man of ordinary prudence and intelligence of the plaintiff's innocence of that crime . . . ." Measured by this criterion, the facts in the instant case would not, in my opinion, permit the jury to infer that defendant's manager acted without probable cause.

The case of *Williams v. Boylan-Pearce, Inc.*, 69 N.C. App. 315, 317 S.E. 2d 17 (1984) is in my judgment distinguishable for the reason that in *Williams* plaintiff was charged with larceny and the evidence showed that at the time she was arrested, plaintiff was an employee and did not commit the necessary trespass. Moreover, the search of plaintiff's pocketbook conducted before she was arrested, did not confirm the suspicion that she had placed something in her purse.

For the foregoing reasons, defendant's motion for directed verdict should have been granted.