LARRY E. JOHNSON v. CASSIE MAE HUNNICUTT, WARREN H. HUN-
NICUTT, ROBERT A. HUNNICUTT, BENJAMIN K. HUNNICUTT AND
JUDITH F. DEANS

No. 8610SC1274

(Filed 21 July 1987)

1. **Principal and Agent § 4— tenants in common—one tenant's authority to sell—statements by tenant binding only on self**

   Statements by one tenant in common as to another tenant's authority to sell their property was binding only on the tenant who made the statement.

2. **Principal and Agent § 4— one tenant in common as agent of other tenants—failure to show principal-agent relationship**

   The trial court did not err in ruling that statements by one defendant concerning his authority from other defendants to sell or grant an option for property owned by all defendants as tenants in common were binding on him but not on the other defendants, since there was no evidence from any source that three of the defendants had authorized the first defendant to act as their agent.

3. **Principal and Agent § 4; Vendor and Purchaser § 5.1— land owned by tenants in common—no authority of tenant to execute option—specific performance inappropriate**

   In plaintiff's action for specific performance of an option to purchase land owned by defendants as tenants in common, the trial court properly directed verdict in favor of defendants where three of the owners did not execute the option; there was no evidence that the person who signed was the agent for those who did not sign; and specific performance will not be given as to land agreed to be conveyed by a person as agent when such agent has no authority to make the contract.

APPEAL by plaintiff from *Farmer, Judge.* Judgment entered
28 July 1986 in Superior Court, WAKE County. Heard in the
Court of Appeals on 9 April 1987.

*Poyner & Spruill by David W. Long and Louis B. Meyer, III,
for plaintiff appellant.*

*Kirk, Gay & Kroeschell by Philip G. Kirk and Joseph T.
Howell for defendant appellees.*

COZORT, Judge.

Plaintiff sued defendants seeking specific performance of an
option to purchase twenty-three (23) acres of property near
Wendell at a price of one hundred twenty-five thousand dollars

($125,000). Plaintiff alleged that defendant Benjamin K. Hunnicutt had acted for himself and as an agent for the other defendants, all members of the same family, in negotiating the option to purchase and then accepting it by his endorsement of a one thousand dollar ($1,000) check given him by plaintiff. At the completion of the plaintiff's evidence, the trial court granted defendants' motion for a directed verdict. Plaintiff appealed. We find the trial court was correct in granting a directed verdict.

Plaintiff's evidence showed that the defendants are owners as tenants-in-common of twenty-three (23) acres of property in Wake County. In January of 1985, the plaintiff became interested in buying that property. As a result of a conversation he had with a relative of the defendants, plaintiff contacted O. W. Hedrick, a local real estate agent, to see if the tract of property was for sale. Hedrick informed plaintiff that defendant Benjamin K. "Ben" Hunnicutt had previously approached him about subdividing the tract of property and selling it. Hedrick offered to contact Ben Hunnicutt and the other defendants to see what they wanted to do with the property.

Defendant Ben Hunnicutt had contacted Hedrick in the spring of 1984 and arranged for Hedrick to do an appraisal of the property. Although Ben Hunnicutt referred to the tract as "his family plot," he alone paid for the appraisal. Hedrick testified they then discussed the possibility of subdividing the land and Hedrick's attempting to sell the tobacco allotment to raise the money to subdivide the property. When Hedrick had questions concerning the tobacco allotment, Ben Hunnicutt told him to call Cassie Mae Hunnicutt to get the relevant information. Subsequently, Ben Hunnicutt told Hedrick not to do anything else because Ben was handling the property.

Plaintiff never got a response from Hedrick about whether the property was for sale, and he contacted a friend of his, William Ray Fuller, Sr., who told plaintiff he knew the defendants. Plaintiff and Fuller went to see defendant Cassie Mae Hunnicutt in late March or early April of 1985. Plaintiff informed Cassie Mae Hunnicutt that he was interested in buying the property and asked her who he needed to talk with about this. Cassie Mae Hunnicutt told the plaintiff that Ben Hunnicutt had been selected as their selling agent, and plaintiff would have to talk to Ben Hun-

nicutt about buying the property. Cassie Mae Hunnicutt then wrote Ben Hunnicutt's name on a piece of paper and gave it to plaintiff.

Plaintiff called Ben Hunnicutt and inquired about the possibility of buying the property. Hunnicutt told plaintiff "he didn't know whether he could undo what he had done" and asked plaintiff to call him in a week. Plaintiff called Ben Hunnicutt a week later and Ben Hunnicutt told him the property was for sale by him for one hundred forty thousand dollars ($140,000). Plaintiff then made an offer of one hundred twenty-five thousand dollars ($125,000) for the property, and defendant Ben Hunnicutt told him he "would call his brothers and sisters" and get back with plaintiff. Ben Hunnicutt called plaintiff back and told him "they" had accepted plaintiff's offer.

Plaintiff's attorney prepared a written option to purchase containing the terms he and Ben Hunnicutt had discussed. Plaintiff had his attorney include the names of the cotenants on the option to purchase along with lines for their signatures but left off Warren H. Hunnicutt. The plaintiff then sent to Ben Hunnicutt the option to purchase contract dated 10 April 1985 along with a check in the amount of one thousand dollars ($1,000). The check was made payable to Ben Hunnicutt, and plaintiff noted on the check that it was for "option on property."

Upon receiving the option to purchase and the check, Ben Hunnicutt called the plaintiff, and they agreed to make corrections and some changes in the option. The exact amount of the acreage needed to be corrected, and the defendant Warren Hunnicutt's name needed to be added. A provision was added for the plaintiff to lease the tobacco allotment for the 1985 season if the option was not exercised. Ben Hunnicutt typed on the contract the corrections and changes to which he and plaintiff had agreed. Ben Hunnicutt then signed the option, endorsed the one thousand dollar ($1,000) check, and deposited it in his bank account on or about 16 April 1985. Plaintiff later received the cancelled check with his bank statement.

On 19 June 1985 plaintiff filed the complaint in this action seeking specific performance of the option to purchase contract. Plaintiff sued the five family members who owned the property as tenants-in-common. In the complaint plaintiff alleged that

defendant Ben Hunnicutt acted for himself and as an agent for the other four owners in negotiating the option to purchase and by accepting the option by his endorsement of a one thousand dollar ($1,000) check given him by the plaintiff. Plaintiff alleged that the defendants anticipatorily breached the option to purchase contract by informing him that they would not sell him the property.

After the trial court denied a motion by defendants to dismiss under Rule 12(b)(6) of the Rules of Civil Procedure, defendants filed an answer in which they denied any authority on the part of defendant Ben Hunnicutt to act as an agent for them. Defendants denied acceptance of the option to purchase. Defendants filed a motion for summary judgment which was denied on 31 December 1985. The case was tried during the 7 July 1986 term of Wake County Superior Court. At the close of plaintiff's evidence, the trial court granted defendants' motion for a directed verdict pursuant to Rule 50 of the Rules of Civil Procedure. Plaintiff appealed.

[1]   In his first assignment of error plaintiff alleges "[t]he trial court erred in ruling that evidence of statements by the defendant Cassie Mae Hunnicutt regarding authority the defendant Ben Hunnicutt had from her and the other defendants to sell or grant an option for the subject property could be considered by the jury as binding on her but not as binding on the other defendants." Plaintiff argues that a wide latitude must be allowed in proving an agency relationship and that the evidence at issue is admissible against all defendants. We disagree with plaintiff.

"[I]n general the admissions of one part-owner or cotenant of property will not be evidence against the others." *Young v. Griffith*, 79 N.C. 201, 203 (1878). The parties herein stipulated prior to trial that the defendants were the owners of the subject property as tenants-in-common. Therefore, Cassie Mae Hunnicutt's statements concerning Ben Hunnicutt's authority to sell or grant an option for the property can only bind her. These statements are not binding on the other defendants.

Plaintiff urges us to find Cassie Mae Hunnicutt's statements admissible as to all defendants, citing *Stallings v. Purvis*, 42 N.C. App. 690, 257 S.E. 2d 664 (1979). In *Stallings*, the defendant owners were engaged in business as general partners. This Court

found the actions of the agent, who was also a partner, could bind the partnership to a lease on a building. In *Stallings*, however, there was evidence of ratification of the agent's actions by the general partners which estopped them from denying the agent's authority.

There is no evidence in the record below that defendants Warren H. Hunnicutt, Robert A. Hunnicutt, and Judith F. Deans ratified the acts of Ben Hunnicutt or the statement by Cassie Mae Hunnicutt that Ben Hunnicutt had authority to sell the property. We hold the trial court properly limited the application of statements by Cassie Mae Hunnicutt to her and not to the other defendants.

[2] The second assignment of error argues that the trial court erred in ruling evidence of statements by defendant Ben Hunnicutt referencing the authority he had from other defendants to sell or grant an option for the property was binding on him but not the other defendants.

The general rule for admissibility for the statements of an alleged agent has been codified by the adoption of N.C.G.S. § 8C-1, Rule 801(d), which in pertinent part reads as follows:

> (d) Exception for Admissions by a Party-Opponent. — A statement is admissible as an exception to the hearsay rule if it is offered against a party and it is . . . (C) a statement by a person authorized by him to make a statement concerning the subject, or (D) a statement by his agent or servant concerning a matter within the scope of his agency or employment, made during the existence of the relationship . . . .

In *Dailey v. Integon Ins. Corp.*, 75 N.C. App. 387, 399-400, 331 S.E. 2d 148, 156-57, *disc. rev. denied,* 314 N.C. 664, 336 S.E. 2d 399 (1985), this Court held that an alleged agent's out-of-court statements to the effect that he was working for the defendant insurer while investigating plaintiff could properly be considered on the question of agency. *Dailey* found the evidence of agency admissible when "(1) the fact of agency appears from other evidence and (2) the statements were within the agent's actual or apparent authority." *Id.* at 399, 331 S.E. 2d at 156-57. In *Dailey*, the "other" evidence on the question of whether the person was an agent was

the defendant's naming of the person in question as an agent in an interrogatory. *Id.* at 399, 331 S.E. 2d at 157.

We find the instant situation distinguishable from *Dailey.* The only evidence of defendant Ben Hunnicutt's agency and his authority to speak for the other defendants are the statements made by defendant Cassie Mae Hunnicutt concerning his authority to sell or lease the property and of witnesses O. W. Hedrick and William Ray Fuller, Sr., who had contact with Ben Hunnicutt and Cassie Mae Hunnicutt only. There was no evidence from any source that the three other defendants had authorized Ben Hunnicutt to act as their agent. Therefore, Ben Hunnicutt's statements could bind only him and Cassie Mae Hunnicutt. The trial court correctly ruled that Cassie Mae Hunnicutt's statement that Ben Hunnicutt had authority to sell the property is not binding on the other defendants.

[3] Plaintiff's third assignment of error alleges that the trial court erred when it granted a directed verdict in favor of the defendants at the close of the plaintiff's evidence. Plaintiff argues that sufficient evidence was presented to go to the jury on the issue of Ben Hunnicutt's authority to bind the other defendants on the option. We disagree.

> The purpose of a motion for a directed verdict is to test the legal sufficiency of the evidence. G.S. 1A-1, Rule 50(a); *Wallace v. Evans*, 60 N.C. App. 145, 298 S.E. 2d 193 (1982). The evidence must be taken in the light most favorable to the plaintiff. *Farmer v. Chaney*, 292 N.C. 451, 233 S.E. 2d 582 (1977). Contradictions, conflicts, and inconsistencies in the evidence must be drawn in the plaintiff's favor. *Tripp v. Pate*, 49 N.C. App. 329, 271 S.E. 2d 407 (1980). The question presented on appeal is whether the evidence taken in the light most favorable to plaintiff is sufficient for submission of the case to the jury.

*Hitchcock v. Cullerton*, 82 N.C. App. 296, 297, 346 S.E. 2d 215, 217 (1986).

"Agency is a fact to be proved as any other, and where there is no evidence presented tending to establish an agency relationship the alleged principal is entitled to a directed verdict." *Smith v. VonCannon*, 17 N.C. App. 438, 439, 194 S.E. 2d 362, 363, *aff'd,*

283 N.C. 656, 197 S.E. 2d 524 (1973). Where some evidence is presented of an agency relationship, agency is a fact to be proved and a question for the jury. *Industries, Inc. v. Distributing, Inc.*, 49 N.C. App. 172, 173, 270 S.E. 2d 515, 516 (1980).

The evidence presented at trial by plaintiff was sufficient to prove Ben Hunnicutt's authority to act for himself and Cassie Mae Hunnicutt. There is no evidence that Ben Hunnicutt had authority to act for the three other owners, and there is no evidence the three other owners ratified the acts of Ben Hunnicutt or the statements of Cassie Mae Hunnicutt. Plaintiff cannot compel specific performance of the option where three of the owners did not execute the option, and there is no evidence that the person who signed was the agent for those who did not sign. Specific performance will not be given as to land agreed to be conveyed by a person as agent when such agent has no authority to make the contract. *Tillery v. Land*, 136 N.C. 537, 48 S.E. 824 (1904). Plaintiff did not seek, in the alternative, specific performance of the undivided interest in the land of Ben Hunnicutt and Cassie Mae Hunnicutt; and we therefore do not address whether plaintiff was entitled to such relief. *Id.*

The granting of a directed verdict for defendants is

Affirmed.

Judge PHILLIPS concurs in result.

Judge GREENE concurs.