CHARLES MARTIN, Plaintiff v. PATRICE PARKER, Defendant

No. COA01-821

(Filed 7 May 2002)

## 1. Malicious Prosecution— disorderly conduct against a teacher—summary judgment—probable cause a question of law

The trial court did not err by granting summary judgment in favor of defendant teacher on the issue of malicious prosecution where defendant initiated a prosecution against plaintiff parent for disorderly conduct stemming from the parties' meeting at school about plaintiff's son, because: (1) there is no genuine issue of fact that plaintiff's conduct was disorderly when defendant and others felt threatened and intimidated by plaintiff's words and actions; and (2) the facts underlying the issuance of the citation are undisputed, and the determination of probable cause is a question of law for the courts.

MARTIN v. PARKER

[150 N.C. App. 179 (2002)]

**2. Abuse of Process— disorderly conduct against a teacher—summary judgment**

The trial court did not err by granting summary judgment in favor of defendant on the issue of abuse of process where defendant teacher initiated a prosecution against plaintiff parent for disorderly conduct stemming from the parties' meeting at school about plaintiff's son even though plaintiff contends defendant used the threat of and procured criminal process in order to coerce plaintiff to further apologize to defendant, because: (1) plaintiff was not required to further apologize to defendant as a condition of dismissal of the citation; and (2) plaintiff failed to forecast any other evidence that defendant acted improperly or engaged in conduct that misused the legal process after the citation was issued.

Appeal by plaintiff from judgment entered 25 April 2001 by Judge Kimberly S. Taylor in Union County Superior Court. Heard in the Court of Appeals 28 March 2002.

*Sellers, Hinshaw, Ayers, Dortch and Lyons, P.A., by Robert C. Dortch, Jr. and Robert A. Whitlow, for plaintiff-appellant.*

*Dean & Gibson, L.L.P., by I. Timothy Zarsadias, for defendant-appellee.*

TYSON, Judge.

Charles Martin ("plaintiff") appeals from the trial court's grant of Patrice Parker's ("defendant") motion for summary judgment. We affirm the judgment of the trial court.

I. Facts

Plaintiff is the father of two sons ("Martin boys") who attended Parkwood Middle School ("school"). Defendant is a computer lab instructor at the school where she taught the Martin boys. On their first day back after a one week absence due to the recent and unexpected death of the Martin boys' sister, defendant punished one of plaintiff's sons for forgetting his computer password by requiring that he write his password 100 times. Defendant testified that she was unaware of the sister's death at the time of the punishment, even though both her students had been absent from school the previous week.

MARTIN v. PARKER

[150 N.C. App. 179 (2002)]

Plaintiff met with defendant on 14 October 1999 to discuss whether defendant could reduce his sons' workload. Defendant complained that plaintiff used profane language during the meeting, and that plaintiff threatened and intimidated her by throwing a paper note containing the password and punishment toward defendant. Plaintiff denied threatening, intimidating, or using profanity during the meeting. Plaintiff wrote and delivered a letter to defendant that contained an apology for any misunderstanding stemming from the meeting.

At a subsequent meeting on 2 November 1999 between plaintiff, defendant, Principal Larry B. Stinson ("Principal Stinson"), and the school's Resource Officer, William A. Thompson ("Officer Thompson"), defendant demanded a verbal apology from plaintiff. At that meeting plaintiff read the earlier letter he had written to defendant. Defendant again refused to accept plaintiff's apology and instructed Officer Thompson to issue a disorderly conduct citation ("citation") to plaintiff. During the issuance of the citation, Officer Thompson informed plaintiff that if plaintiff would apologize to defendant the charges would be dropped. Plaintiff refused and stated that he did not believe he did anything wrong. Plaintiff also stated that he had apologized to defendant numerous times before. The citation required plaintiff to appear in district criminal court on 16 November 1999.

Sometime thereafter, defendant called Officer Thompson and asked him to drop the charges against plaintiff. The charges were eventually dismissed on 5 November 1999.

Plaintiff filed a complaint for malicious prosecution and abuse of process against defendant on 20 December 1999. Defendant filed her answer denying plaintiff's allegations on 14 March 2000. Defendant moved for summary judgment, and the trial court granted defendant's motion on 25 April 2001. Plaintiff appeals.

II. Issues

Plaintiff contends the trial court erred by granting defendant's motion for summary judgment. Plaintiff argues that genuine and material issues of fact exist regarding: (1) whether defendant initiated criminal proceedings against plaintiff without probable cause, and (2) whether defendant's conduct constituted an abuse of process.

### III.  Malicious Prosecution

**[1]** Plaintiff claims that disputed issues of material fact exist as to whether defendant initiated the prosecution, and argues that there are "two distinct accounts about the core issue of who initiated criminal charges against [plaintiff]."

In order to support a malicious prosecution claim, plaintiff must establish the following four elements: "(1) defendant initiated the earlier proceeding; (2) malice on the part of defendant in doing so; (3) lack of probable cause for the initiation of the earlier proceeding; and (4) termination of the earlier proceeding in favor of the plaintiff." *Best v. Duke University*, 337 N.C. 742, 749, 448 S.E.2d 506, 510 (1994) (citation omitted); *see also Hill v Hill*, 142 N.C. App. 524, 537, 545 S.E.2d 442, 451 (dissenting opinion), *rev'd. on other grounds*, 354 N.C. 348, 553 S.E.2d 679 (2001).

Presuming that plaintiff is correct that disputed issues of fact exist regarding who initiated the prosecution, the presence of probable cause necessarily defeats plaintiff's claim. Plaintiff contends that whether probable cause exists to issue the citation is a matter for the jury, and that summary judgment is therefore inappropriate. We disagree.

Probable cause is defined as the existence of facts and circumstances known to the decision maker which would induce a reasonable person to commence a prosecution. *Pitts v. Village Inn Pizza, Inc.*, 296 N.C. 81, 87, 249 S.E.2d 375, 379 (1978) (citing *Morgan v. Stewart*, 144 N.C. 424, 430, 57 S.E. 149, 151 (1907)). "[W]hen the facts are in dispute the question of probable cause is one of fact for the jury." *Id.* If the facts underlying the issuance are not in dispute, the determination of probable cause is for the courts. *Id.*

Plaintiff was issued a citation for disorderly conduct pursuant to G.S. § 14-288.4. The term "disorderly conduct" is defined by our legislature in G.S. § 14-288.4, which provides in pertinent part:

> any person who: . . . . (6) Disrupts, disturbs or interferes with the teaching of students at any public or private educational institution or engages in conduct which disturbs the peace, order or discipline at any public or private educational institution or on the grounds adjacent thereto.

N.C. Gen. Stat. § 14-288.4 (1994).

While plaintiff admits in his affidavit that he "did speak to Mrs. Parker in a firm manner," plaintiff denies that he used profanity, threatened, or intimidated defendant. Plaintiff wrote a letter to defendant apologizing for any "misunderstandings" that resulted from their meeting.

In a letter to plaintiff banning him from the school campus, Principal Stinson stated that "many people overheard the anger that you registered in the office last week." Ms. Cathy NeSmith, a school secretary, was present during the 14 October 1999 meeting between plaintiff and defendant and provided a statement to Officer Thompson that plaintiff "had an angry tone, was screaming, and [that she] feared Mr. Martin might hit Ms. Parker." Plaintiff did not deny that he screamed during the meeting. Officer Thompson testified that he conducted an investigation and relayed its findings to the magistrate. The magistrate agreed that probable cause existed to issue the citation.

Viewing the evidence in the light most favorable to plaintiff and giving him the benefit of all reasonable inferences, we conclude that there is no genuine issue of fact that plaintiff's conduct was disorderly. There is substantial evidence in the record that defendant and others felt threatened and intimidated by plaintiff's words and actions. The facts underlying the issuance of the citation are undisputed, and the determination of probable cause is a question of law for the courts. *Pitts*, 296 N.C. at 87, 249 S.E.2d at 379. We hold that the facts and circumstances known to Officer Thompson would induce a reasonable person to commence a prosecution against plaintiff for disorderly conduct. This assignment of error is overruled.

### IV. Abuse of Process

[2] Plaintiff contends that defendant used the threat of and procured criminal process in order to coerce plaintiff to further apologize to defendant. Plaintiff argues that a disputed issue of fact exists as to "whether Officer Thompson's actions, as influenced by Ms. Parker's directions, should support an award of damages."

The North Carolina Supreme Court has defined "abuse of process" as "the misuse of legal process for an ulterior purpose. It consists in the malicious misuse or misapplication of that process *after issuance* to accomplish some purpose not warranted or commanded by the writ." *Fowle v. Fowle*, 263 N.C. 724, 728, 140 S.E.2d 398, 401 (1965) (citation omitted) (emphasis in original); *see also*

*Hill,* 142 N.C. App. at 541, 545 S.E.2d at 453 (dissenting opinion). "The distinction between an action for malicious prosecution and one for abuse of process is that malicious prosecution is based upon malice in causing the process to issue, while abuse of process lies for its improper use *after* it has been issued." *Barnette v. Woody,* 242 N.C. 424, 431, 88 S.E.2d 223, 227 (1955) (emphasis supplied). The cause of action requires an act in the use of the process that is not proper in the regular prosecution of the legal process. *Id.* at 431, 88 S.E.2d at 227-28.

Plaintiff contends that defendant acted improperly after the citation was issued. Plaintiff argues that Officer Thompson's conduct of calling plaintiff on the telephone to ask whether he "was going to apologize to Ms. Parker so that the criminal trial could be dismissed" after the citation was issued was improper. We disagree.

Although Officer Thompson testified that defendant called him and asked whether she could dismiss the charges, defendant's act was not improper. The acts of Officer Thompson were not the acts of defendant. Nor is there any evidence of a *quid pro quo.* Plaintiff was not required to further apologize to defendant as a condition of dismissal of the citation. Plaintiff failed to forecast any other evidence that defendant acted improperly or engaged in conduct that misused the legal process *after* the citation was issued. This assignment of error is overruled.

### V.  Summary

Since we hold that probable cause existed to issue the citation, and that defendant did not engage in any improper act *after* the citation was issued, we affirm the trial court's grant of summary judgment for defendant.

Affirmed.

Judges MARTIN and THOMAS concur.