HUNG NGUYEN, Plaintiff v. BURGERBUSTERS, INC., d/b/a TACO BELL, Defendant

No. COA06-607

(Filed 3 April 2007)

## 1. Malicious Prosecution— motion for judgment notwithstanding verdict—genuine issue of material fact

The trial court did not err by denying defendant's motion for judgment notwithstanding the verdict even though defendant contends plaintiff failed to prove malicious prosecution of an embezzlement case because: (1) a genuine issue of fact existed as to whether defendant initiated the criminal proceeding when defendant provided all of the information upon which the arrest warrant, indictment, and initial prosecution were based, and defendant's agents contacted the police and presented information tending to show that plaintiff's wife was not an employee of defendant; (2) a genuine issue of fact existed as to whether defendant lacked probable cause to commence a prosecution when plaintiff had been given permission by one of defendant's agents to charge his time to his wife; (3) the same evidence supporting the trial court's submission of the element of lack of probable cause to the jury also supports the submission of the issue regarding malice on the part of defendant in initiating embezzlement charges against plaintiff; and (4) the assistant district attorney prosecuting the underlying criminal case against plaintiff dismissed the criminal charges against plaintiff.

## 2. Appeal and Error— preservation of issues—failure to comport with assignment of error

Although defendant contends the trial court should have dismissed a claim for malicious prosecution based on plaintiff's failure to introduce into evidence the warrant or indictment, this issue is dismissed because it does not comport with defendant's assignment of error as required by N.C. R. App. P. 28(a).

## 3. Malicious Prosecution— motion for new trial—sufficiency of evidence—letter—instructions—excessive damages

The trial court did not abuse its discretion in a malicious prosecution case by denying defendant's motion for a new trial, because: (1) while defendant presented evidence in support of its position, plaintiff's evidence was sufficient to support the verdict; (2) although defendant contends the trial court admitted a letter which was allegedly inadmissible hearsay, it is questionable

whether defendant properly objected to the admissibility of the letter when it was discovered that the letter was actually written by someone other than plaintiff; (3) although defendant contends the jury manifestly disregarded the trial court's instructions, the jury could have returned a verdict in favor of plaintiff without disregarding the trial court's instructions; and (4) although defendant contends the jury's damage award was excessive, defendant has not cited any authority in support of this assignment of error as required by N.C. R. App. P. 28(b)(6).

Appeal by defendant from a judgment and order entered 14 November 2005 and 9 December 2005, respectively, by Judge W. Douglas Albright in Guilford County Superior Court. Heard in the Court of Appeals 10 January 2007.

*Carruthers & Roth, P.A., by Kenneth R. Keller and William J. McMahon, IV, for plaintiff-appellee.*

*Smith Moore, LLP, by James G. Exum, Jr. and Allison O. Van Laningham, for defendant-appellant.*

BRYANT, Judge.

Burgerbusters, Inc. (defendant) appeals from a judgment entered 14 November 2005, consistent with a jury verdict finding defendant liable to Hung Nguyen (plaintiff) for malicious prosecution and awarding damages in the amount of $200,000. Defendant also appeals from an order entered 9 December 2005 denying its motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. We find defendant received a trial free from error and affirm the judgment and order of the trial court.

*Facts*

Plaintiff was an employee of defendant, working as a General Manager of one of defendant's Taco Bell franchise restaurants. Plaintiff's wife was also an employee of defendant, working in the store plaintiff managed. In October 2000, Christakis Paphites, defendant's President and Chief Operating Officer, received a letter via facsimile alleging plaintiff was adding hours to his wife's time records above and beyond what she was actually working. Paphites instituted an investigation into these allegations which was led by Gayle White, the District Manager over the restaurants in which plaintiff and his wife worked.

Based on information provided by White and an interview with plaintiff by White and Joe Mangano, defendant's Vice President for Operations, defendant fired plaintiff. Defendant subsequently provided information to Detective Glenn Knight, a fraud/financial crimes investigator for the Greensboro Police Department, alleging that plaintiff had caused defendant to pay $25,000 to a nominal employee who did not work for the company. From the information provided by defendant, the Guilford County District Attorney's Office obtained an indictment against plaintiff on the charge of embezzling $25,000 from defendant. However, after further investigation into the criminal charge by the Assistant District Attorney (ADA) handling the case, it was determined that there was insufficient evidence to prosecute plaintiff and the charge of embezzlement was dismissed.

### Procedural History

On 13 September 2004, plaintiff filed a complaint against defendant seeking compensatory and punitive damages for malicious prosecution and abuse of process. Defendant filed its answer on 15 November 2004. This matter was tried before a jury beginning on 31 October 2005. During the trial, defendant made a motion for a directed verdict, which was granted in part on the claim of abuse of process and as to the issue of punitive damages. The jury returned a verdict on 3 November 2005 finding defendant liable to plaintiff and awarding damages of $200,000. The trial court subsequently entered a judgment for plaintiff consistent with the jury verdict. On 14 November 2005, the trial court entered amended judgment on the verdict, correcting the name of the defendant against whom judgment was entered. Defendant filed a motion for judgment notwithstanding the verdict (JNOV) or in the alternative for a new trial on 17 November 2005. Defendant's motion was denied by order entered 9 December 2005. Defendant appeals.

Defendant raises the issues of whether: (I) the trial court erred in denying defendant's motion for judgment notwithstanding the verdict because plaintiff failed to prove malicious prosecution; (II) the action should be dismissed because plaintiff did not introduce into evidence the warrant or indictment at trial; and (III) whether the trial court erred in denying defendant's motion for a new trial.

### I

[1] Defendant first argues the trial court erred in denying its motion for judgment notwithstanding the verdict because plaintiff failed to

prove malicious prosecution. " 'When determining the correctness of the denial [of a motion] for directed verdict or judgment notwithstanding the verdict, the question is whether there is sufficient evidence to sustain a jury verdict in the non-moving party's favor, or to present a question for the jury.' " *Arndt v. First Union Nat'l Bank*, 170 N.C. App. 518, 522, 613 S.E.2d 274, 277-78 (2005) (quoting *Davis v. Dennis Lilly Co.*, 330 N.C. 314, 323, 411 S.E.2d 133, 138 (1991)). To prove a claim for malicious prosecution, a plaintiff must establish four elements: " '(1) the defendant initiated the earlier proceeding; (2) malice on the part of the defendant in doing so; (3) lack of probable cause for the initiation of the earlier proceeding; and (4) termination of the earlier proceeding in favor of the plaintiff.' " *Beroth Oil Co. v. Whiteheart*, 173 N.C. App. 89, 99, 618 S.E.2d 739, 746 (2005) (quoting *Best v. Duke Univ.*, 337 N.C. 742, 749, 448 S.E.2d 506, 510 (1994)), *appeal dismissed, disc. rev. denied*, 360 N.C. 531, 633 S.E.2d 674 (2006). Defendant contends plaintiff failed to meet his burden of proof on any of these four elements. For the reasons below we find plaintiff presented sufficient evidence to sustain a jury verdict in his favor and overrule this assignment of error.

### Defendant's Initiation of Earlier Proceeding

It is well established that the "act of giving honest assistance and information to prosecuting authorities does not render one liable for malicious prosecution." *Williams v. Kuppenheimer Mfg. Co.*, 105 N.C. App. 198, 201, 412 S.E.2d 897, 900 (1992); *see also Harris v. Barham*, 35 N.C. App. 13, 16, 239 S.E.2d 717, 719 (1978) ("[I]t cannot be said that one who reports suspicious circumstances to the authorities thereby makes himself responsible for their subsequent action, . . . even when . . . the suspected persons are able to establish their innocence."). "However, where 'it is unlikely there would have been a criminal prosecution of [a] plaintiff' except for the efforts of a defendant, this Court has held a genuine issue of fact existed and the jury should consider the facts comprising the first element of malicious prosecution." *Becker v. Pierce*, 168 N.C. App. 671, 675, 608 S.E.2d 825, 829 (2005) (quoting *Williams*, 105 N.C. App. at 201, 412 S.E.2d at 900).

Viewing the evidence of record before this Court in the light most favorable to the nonmovant, plaintiff has met his burden with respect to this element. As in *Becker* and *Williams*, defendant provided all of the information upon which the arrest warrant, indictment, and initial prosecution were all based. Defendant's agents contacted the police and presented information tending to show that plaintiff's wife was

not an employee of defendant. Without the initial contact from defendant, it is unlikely there would have been a criminal prosecution of plaintiff. Thus, a genuine issue of fact existed as to whether defendant initiated the criminal proceeding and the trial court properly submitted this issue to the jury.

<u>Defendant's Lack of Probable Cause</u>

Regarding a claim for malicious prosecution,

> probable cause . . . has been properly defined as the existence of such facts and circumstances, known to the defendant at the time, as would induce a reasonable man to commence a prosecution. Whether probable cause exists is a mixed question of law and fact, but where the facts are admitted or established, the existence of probable cause is a question of law for the court.

*Best*, 337 N.C. at 750, 448 S.E.2d at 511 (internal citations and quotations omitted). However, " '[w]hen the facts are in dispute the question of probable cause is one of fact for the jury.' " *Martin v. Parker*, 150 N.C. App. 179, 182, 563 S.E.2d 216, 218 (2002) (quoting *Pitts v. Village Inn Pizza, Inc.*, 296 N.C. 81, 87, 249 S.E.2d 375, 379 (1978)).

Here, the evidence establishes plaintiff's wife was an employee of defendant. Further, plaintiff produced evidence that under an agreement with White, plaintiff was permitted to charge his time working at a second restaurant to his wife. Plaintiff disclosed to Mangano his agreement with White prior to defendant's contact with the police. However, defendant chose to rely on White's investigation and assertions to substantiate its allegations of embezzlement by plaintiff.

Defendant's allegations of embezzlement were based upon its belief that plaintiff's wife was not an employee of defendant. At trial, White admitted she informed the police that "[plaintiff's wife] was not an employee and had never worked at the premises." Given defendant's position as the actual employer of both plaintiff and his wife, defendant was in the best position to determine whether plaintiff's wife was or was not one of its employees. Instead, defendant presented information to the police alleging plaintiff's wife was not an employee and that plaintiff was embezzling money from defendant by paying her wages. Viewing the evidence in the light most favorable to plaintiff, the trial court properly submitted to the jury the issue of whether defendant lacked probable cause to commence a prosecution because plaintiff had been given permission by one of defendant's agents to charge his time to his wife.

### Malice on the Part of Defendant

"In an action for malicious prosecution, the malice element may be satisfied by a showing of either actual or implied malice." *Beroth Oil*, 173 N.C. App. at 99, 618 S.E.2d at 746 (citation omitted). "Implied malice . . . may be inferred from want of probable cause in reckless disregard of the plaintiff's rights." *Id.*; *see also Williams*, 105 N.C. App. at 203, 412 S.E.2d at 901 ("It is well settled that legal malice may be inferred from a lack of probable cause."). Thus, the same evidence supporting the trial court's submission of the element of lack of probable cause to the jury also supports the submission of the issue regarding malice on the part of defendant in initiating embezzlement charges against plaintiff.

### Termination of Earlier Proceeding in Plaintiff's Favor

"[A] plaintiff in a malicious prosecution case has shown a favorable termination of a criminal proceeding when he shows that the prosecutor voluntarily dismissed the charges against him." *Jones v. Gwynne*, 312 N.C. 393, 400, 323 S.E.2d 9, 13 (1984) (citation omitted). Further, our Courts have held that

> [t]he essential thing is that the prosecution on which the action for damages is based should have come to an end. How it came to an end is not important to the party injured, for whether it ended in a verdict in his favor, or was quashed, or a [*nolle prosequi*] was entered, he has been disgraced, imprisoned and put to expense, and the difference in the cases is one of degree, affecting the amount of recovery.

> Ordinarily the termination of the proceeding must result in a discharge of the plaintiff so that new process must issue in order to revive the proceeding against him.

*Id.* (internal citations and quotations omitted).

Here, the assistant district attorney prosecuting the underlying criminal case against plaintiff dismissed the criminal charges against plaintiff. At trial, the ADA testified that he dismissed the charges against plaintiff only after personally interviewing two witnesses who produced evidence undercutting the theory of his case. Thus, plaintiff has presented sufficient evidence to establish the final element of his claim for malicious prosecution. *Id.* (holding "once the plaintiff presented evidence in this case that the assistant district attorney had voluntarily dismissed the embezzlement charges

against him, he had shown a termination of the criminal proceedings favorable to him"); *see also Taylor v. Hodge*, 229 N.C. 558, 560, 50 S.E.2d 307, 308 (1948) ("Favorable termination of criminal action against the plaintiff is sufficiently shown by *nolle prosequi* in the Superior Court.").

## II

**[2]** Defendant next argues "[t]he action should be dismissed for failure to introduce into evidence the warrant or indictment." In the assignment of error defendant brings forward as the basis of this argument, defendant states: "The trial court's denial of Defendant's Motions for Directed Verdict and Motion for Judgment Notwithstanding the Verdict on the ground that neither the warrant nor the indictment against Plaintiff that formed the basis for his malicious prosecution claim were offered into evidence." However, in its argument to this Court, defendant does not address the trial court's denial of its motions for directed verdict or motion for judgment notwithstanding the verdict. Rather, defendant argues plaintiff's claim for malicious prosecution should be *dismissed*. This argument does not comport with defendant's assignment of error and we deem this assignment of error abandoned. N.C. R. App. P. 28(a) ("Questions raised by assignments of error in appeals from trial tribunals but not then presented and discussed in a party's brief, are deemed abandoned."); N.C. R. App. P. 28(b)(6) ("Assignments of error . . . in support of which no reason or argument is stated or authority cited, will be taken as abandoned.").

## III

**[3]** Defendant next argues the trial court erred in denying defendant's motion for a new trial. Defendant presents four arguments as to why the trial court erred in denying its motion for a new trial: (1) plaintiff failed to produce sufficient evidence to satisfy the four elements of malicious prosecution; (2) the jury was allowed to consider improper evidence; (3) the jury manifestly disregarded the instructions of the trial court; and (4) the verdict reflects excessive damages.

It is well established that " '[a] trial judge's discretionary order made pursuant to Rule 59 for or against a new trial may be reversed only when an abuse of discretion is clearly shown.' " *City of Charlotte v. Ertel*, 170 N.C. App. 346, 353, 612 S.E.2d 438, 444 (2005) (quoting *Hanna v. Brady*, 73 N.C. App. 521, 525, 327 S.E.2d 22, 24 (1985)). "A trial court may be reversed for abuse of discretion only upon a showing that its actions are manifestly unsupported by reason." *Davis v.*

*Davis*, 360 N.C. 518, 523, 631 S.E.2d 114, 118 (2006) (citation and internal quotations omitted). Furthermore, "[a]n appellate court should not disturb a discretionary Rule 59 order unless it is reasonably convinced by the cold record that the trial judge's ruling probably amounted to a substantial miscarriage of justice." *In re Will of Buck*, 350 N.C. 621, 625, 516 S.E.2d 858, 861 (1999) (citation and quotations omitted).

## Evidence of Elements of Malicious Prosecution

Defendant first argues the trial court erred in denying its motion for a new trial because plaintiff did not present sufficient evidence to establish malicious prosecution. However, a review of the record evidence before this Court shows that while defendant presented evidence in support of its position, plaintiff's evidence was sufficient to support the jury verdict. *See* Issue I, *supra*. The jury verdict is not contrary to the greater weight of the evidence nor contrary to law, and defendant has not shown that the trial court abused its discretion in denying defendant's motion for a new trial. This assignment of error is overruled.

## Admission of Prejudicial Hearsay Evidence

Defendant next argues it is entitled to a new trial because the trial court admitted a letter which was inadmissible hearsay and highly prejudicial. However, defendant did not obtain a ruling as to the admissibility of this evidence at trial. When it became evident that the letter had been written for plaintiff by a third party, defendant brought this matter to the attention of the trial court, but never actually argued the letter should be excluded from evidence. At the close of the discussion between defendant's trial attorney and the trial court, the court stated, "But at this point, it's sort of in the record, without objection." Defendant's attorney did not attempt to argue an objection, but merely said, "Thank you, Your Honor." From the record before this Court, it is questionable whether defendant properly objected to the admissibility of the letter when it was discovered that the letter was actually written by someone other than plaintiff. It is clear, however, that defendant never received a ruling on any objection or motion concerning the admissibility of the letter and thus this question is not properly before this Court. N.C. R. App. P. 10(b)(1) ("In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, . . . [and] obtain a ruling upon the party's request, objection or motion.") This assignment of error is dismissed.

**NGUYEN v. BURGERBUSTERS, INC.**

[182 N.C. App. 447 (2007)]

## Jury's Disregard of Instructions

Defendant also argues it is entitled to a new trial because the jury manifestly disregarded the trial court's instructions. Defendant contends that because of the "uncontroverted facts" concerning the element of probable cause for plaintiff's claim for malicious prosecution, "the jury's verdict can only be explained by manifest disregard of the trial court's instructions." In light of the reasons stated in Issue I, *supra*, we find that plaintiff presented sufficient evidence to meet his burden of proof as to the element of probable cause. While defendant presented evidence tending to show it had probable cause to initiate the prior proceedings, plaintiff presented evidence to the contrary. "It is the jury's function to weigh the evidence and to determine the credibility of witnesses." *Suarez v. Wotring*, 155 N.C. App. 20, 34, 573 S.E.2d 746, 755 (2002), *cert. denied, disc. rev. denied,* 357 N.C. 66, 579 S.E.2d 107 (2003). Thus the jury could have returned a verdict in favor of plaintiff without disregarding the trial court's instructions. This assignment of error is overruled.

## Excessive Damages

Defendant lastly argues the jury's damage award was excessive and justifies a new trial. However, defendant has not cited any authority in support of this assignment of error and we deem it abandoned. *See* N.C. R. App. P. 28(b)(6) ("Assignments of error . . . in support of which no . . . authority [is] cited, will be taken as abandoned."); *Viar v. N.C. Dep't of Transp.*, 359 N.C. 400, 402, 610 S.E.2d 360, 361 ("It is not the role of the appellate courts . . . to create an appeal for an appellant."), *reh'g denied,* 359 N.C. 643, 617 S.E.2d 662 (2005).

No error at trial; the Judgment and Order of the trial court are affirmed.

Judges McGEE and ELMORE concur.