An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-243

Filed 5 November 2025

Brunswick County, No. 22CVS002271-090

CHRISTIAN R. HYLDAHL, Plaintiff,

v.

TANNIS AMBER BARNES and JEREMY BARNES, Defendants.

Appeal by Plaintiff from order entered 9 July 2024 by Judge Tiffany Powers in Brunswick County Superior Court. Heard in the Court of Appeals 11 September 2025.

> *Reiss & Nutt, PLLC, by W. Cory Reiss, for Plaintiff-Appellant.*

> *Diguiseppe & Doby, Attorneys at Law, by Raymond Mark DiGuiseppe, for Tannis Amber Barnes, Defendant-Appellee.*

WOOD, Judge.

Christian Hyldahl ("Plaintiff") appeals the 9 July 2024 order granting partial summary judgment in favor of Tannis Amber Barnes ("Defendant") on Plaintiff's claim for malicious prosecution. After careful review of the record and applicable law, we affirm.

## I. Factual and Procedural Background

In August 2022, Plaintiff and Defendant were in a "boyfriend and girlfriend" relationship. After the sale of his home in late August 2022, Plaintiff moved into Defendant's Holden Beach home. In September 2022, Plaintiff and Defendant went on a European vacation. While there, their relationship soured and each traveled back home separately. Plaintiff arrived home first and contacted the New Hanover County Sheriff's Office claiming Defendant stole belongings of his on their trip and requested deputies meet Defendant at the airport to retrieve these items of his that were in her possession. Deputies went to the airport as Plaintiff requested, but Defendant was not on her anticipated flight. No further action was taken by the Sheriff's Office on this matter. Plaintiff then emailed Holden Beach Police Chief Jeremy Dixon stating he needed to file a report because Defendant stole some of his property.

On 4 October 2022, Defendant filed a complaint for a domestic violence protective order ("DVPO") against Plaintiff in Brunswick County. Defendant alleged,

> I have realized that he is not stable, possibly has undiagnosed mental health issues, has an alcohol abuse problem. Over the past month, he has threatened me while brandishing weapons in my home while intoxicated, behaves menacing while intoxicated, all of which culminated in him threatening to burn my home to the ground. He has a history of protection orders against him. I am in fear of this person and no longer want him at my residence or in my life.

An *ex parte* DVPO was granted, and Plaintiff was ordered to stay away from Defendant and three residences that Defendant specified. Defendant moved to

Wilmington shortly after because Hurricane Ian damaged her Holden Beach home. On 7 October 2022, 21 October 2022, and 22 October 2022, Plaintiff and Defendant were both present at Seven Mile Post bar in Wilmington, although it is unclear who arrived first and what happened during each encounter. On 25 October 2022, Plaintiff's mother sent a text message to Defendant. After these encounters at Seven Mile Post and the text message from Plaintiff's mother, Defendant contacted the New Hanover County Sheriff's Office and reported each as a possible violation of the Brunswick County DVPO. On 1 November 2022, four arrest warrants were issued for Plaintiff for violations of the DVPO after Deputy Ryan Walker ("Deputy Walker") of the New Hanover County Sheriff's Office appeared in front of the Magistrate. At this time, Plaintiff was living in Raleigh and was not served until 3 November 2022 when he appeared in Brunswick County for the DVPO hearing.

On 3 November 2022, the Brunswick County District Court dismissed Defendant's complaint for a DVPO against Plaintiff. On 15 November 2022, Defendant filed another complaint for a DVPO, this time in New Hanover County. The New Hanover County District Court found that Defendant "failed to prove grounds for ex parte relief" because no new allegations were provided since the Brunswick County DVPO was denied.

On 6 December 2022, Plaintiff filed a complaint against Defendant and her brother, Jeremy Barnes ("Jeremy").[1] The complaint stated three claims for relief: (1) trespass to chattel, (2) conversion of property, and (3) punitive damages. Defendant and Jeremy filed an answer to the complaint on 10 February 2023.

On 16 March 2023, the criminal charges against Plaintiff for violating the DVPO were dismissed, in part by the New Hanover County District Attorney prior to trial and the remaining charges were dismissed by the New Hanover County District Court at the close of the State's evidence. On 20 March 2023, Plaintiff petitioned for these charges to be expunged; the petition was granted the same day. Following the dismissed and expunged charges, Plaintiff filed an amended complaint ("Amended Complaint") on 10 July 2023. In the Amended Complaint, Plaintiff made claims for relief for: (1) trespass to chattel, (2) conversion of property, and (3) punitive damages. Further, Plaintiff made claims for relief against Defendant for (1) malicious prosecution, and (2) abuse of process. Defendant and Jeremy filed an answer to the Amended Complaint on 26 July 2023.

On 17 May 2024, Defendant and Jeremy filed a motion for summary judgment pursuant to Rule 56 of the North Carolina Rules of Civil Procedure. Plaintiff and Defendant filed affidavits prior to the summary judgment hearing, which took place on 8 July 2024. The morning of the hearing, Plaintiff voluntarily dismissed the claim

---

[1] Jeremy Barnes is not a party to the issue on appeal.

for abuse of process against Defendant. At the hearing, Defendant's attorney made arguments for summary judgment only on the claims of malicious prosecution and punitive damages, acknowledging the claims for trespass to chattel and conversion of property were better suited to be heard before a jury. On 9 July 2024, the trial court entered its order granting summary judgment on the claim of malicious prosecution but denying summary judgment on the claim of punitive damages.

The remaining claims proceeded to trial. The jury found that Defendant and Jeremy had converted several of Plaintiff's belongings. On 12 August 2024, the trial court entered a final judgment finding Defendant liable to Plaintiff for conversion of property in the amount of $12,000.00 plus punitive damages in the amount of $3,000.00 and finding Jeremy liable for conversion of property in the amount of $1,400.00. On 9 September 2024, Plaintiff filed notice of appeal of the 9 July 2024 order granting Defendant's motion for summary judgment on the claim of malicious prosecution.

## II.    Analysis

Plaintiff argues the trial court erred by granting Defendant's motion for summary judgment on the claim of malicious prosecution because a genuine issue of material fact exists. We disagree.

### A. Standard of Review

Under a *de novo* standard of review, we review a trial court's order granting or denying a motion for summary judgment "to determine whether any genuine issue of

material fact exists and whether the moving party is entitled to judgment as a matter of law." *Fox v. City of Greensboro*, 279 N.C. App. 301, 313, 866 S.E.2d 270, 283 (2021) (cleaned up). "We review the record in a light most favorable to the party against whom the order has been entered to determine whether there exists a genuine issue as to any material fact." *Lopp v. Anderson*, 251 N.C. App. 161, 165, 795 S.E.2d 770, 774 (2016) (quoting *Smith v. Harris*, 181 N.C. App. 585, 587, 640 S.E.2d 436, 438 (2007)).

**B. Malicious Prosecution**

Plaintiff argues the trial court erred by granting summary judgment on the claim of malicious prosecution because genuine issues of material fact exist precluding summary judgment. In contrast, Defendant contends summary judgment was proper because there was no genuine issue of material fact about the existence of probable cause, which is sufficient to defeat a malicious prosecution claim.

To maintain an action for malicious prosecution, the plaintiff must demonstrate that (1) the defendant instituted, procured or participated in the criminal proceeding against the plaintiff, (2) without probable cause, (3) with malice, and (4) the prior proceeding was terminated in the favor of the plaintiff. *Lopp*, 251 N.C. App. at 174, 795 S.E.2d at 779. "A defendant may show entitlement to summary judgment by [] proving that an essential element of the plaintiff's case is non-existent." *Fox*, 279 N.C. App. at 314, 866 S.E.2d at 283 (quoting *Hoffman v. Great Am. All. Ins. Co.*, 166 N.C. App. 422, 426, 601 S.E.2d 908, 911 (2004)). The presence

of probable cause for the initiation of the earlier proceeding is enough to defeat a claim for malicious prosecution. *Martin v. Parker*, 150 N.C. App. 179, 182, 563 S.E.2d 216, 218 (2002).

Actions by the defendant leading to "initiation" of the prosecution are facts, "but the trial court's determination that these actions constituted initiation of a criminal action is a conclusion of law we review de novo." *N.C. Farm Bureau Mut. Ins. Co. v. Cully's Motorcross Park, Inc.*, 366 N.C. 505, 512, 742 S.E.2d 781, 786 (2013). "It cannot be said that one who reports suspicious circumstances to the authorities thereby makes himself responsible for their subsequent action, even when the suspected persons are able to establish their innocence." *Becker v. Pierce*, 168 N.C. App. 671, 675, 608 S.E.2d 825, 828 (2005) (cleaned up) (quoting *Harris v. Barham*, 35 N.C. App. 13, 16, 239 S.E.2d 717, 719 (1978)).

Here, it is undisputed that Defendant contacted the Sheriff's Office to report Plaintiff was present at Seven Mile Post bar in Wilmington at the same time she was present on three separate occasions although he lived in Raleigh at the time and that Plaintiff's mother sent Defendant a text message days later. Defendant argues "the record unquestionably contains uncontroverted evidence sufficient to satisfy the low probable cause threshold of a mere probability or substantial chance of criminal activity."

"Probable cause is defined as the existence of facts and circumstances known to the decision maker which would induce a reasonable person to commence a

prosecution." *Martin*, 150 N.C. App. at 182, 563 S.E.2d at 218. However, "'[w]hen the facts are in dispute the question of probable cause is one of fact for the jury.' If the facts underlying the issuance are not in dispute, the determination of probable cause is for the courts." *Id.* (quoting *Pitts v. Village Inn Pizza, Inc.*, 296 N.C. 81, 87, 249 S.E.2d 375, 379 (1978)). At summary judgment, "[t]he moving party bears the burden of showing that no triable issue of fact exists[,]" and "[o]nce the moving party has met its burden, the non-moving party must forecast evidence that demonstrates the existence of a *prima facie* case." *Adams v. City of Raleigh*, 245 N.C. App. 330, 334, 782 S.E.2d 108, 112 (2016) (cleaned up).

The trial court here determined that the underlying facts were not in dispute and reasoned:

> The pleadings and the relevant case law - - and I'm citing *Allison* [*v. Food Lion Inc.*, 84 N.C. App. 251, 255, 352 S.E.2d 256, 257 (1987)]: "The existence of probable cause is a mixed question of law and fact . . . . If the facts are admitted - - if the facts are admitted or not in dispute, it is a question of law for the court . . . ."
>
> In this case, what's not in dispute is there was a valid 50B order. That, on not once, twice, but three times, [Plaintiff] went to a bar that was frequented by the defendant. On Friday, he saw her; the next Friday, he saw her; the Saturday, he saw her. He was the one under the order. So whatever happened in the interim, he put himself in that position. Therefore, regardless of whether it was instituted by the defendant or by the officer, the issue is that there was a - - there was probable cause. And with probable cause, I am finding for the defendant with regard to malicious prosecution and not with regard to the punitive damages.

Although the record is devoid of details from the purported investigation by Deputy Walker, "[p]robable cause 'may be based upon information given to the officer by another, the source of such information being reasonably reliable.'" *Adams*, 245 N.C. App. at 336, 782 S.E.2d at 113 (quoting *In re Gardner*, 39 N.C. App. 567, 571, 251 S.E.2d 723, 725 (1979)). Here, irrespective of who arrived at the bar first or other information the investigation may have revealed, Defendant reported to Deputy Walker information to support that Plaintiff and Defendant encountered each other at Seven Mile Post bar on three occasions and that Plaintiff's mother sent Defendant a text message days later, providing some factual predicate for alleging a violation of the DVPO. This information reported to Deputy Walker by Defendant is sufficient to have led to a probable cause determination by a magistrate, resulting in the criminal charges against Plaintiff.

While, in his affidavit, Plaintiff disputes who arrived first at Seven Mile Post bar, Plaintiff did not submit *any* other evidence sufficient to rebut Defendant's showing of probable cause nor to create a genuine issue of material fact to preclude summary judgment. Plaintiff's allegation that he arrived at the bar first does not rebut the fact that he and Defendant were present at the bar at the same time on all three occasions and the existence of the text message sent to Defendant days later by Plaintiff's mother.

The facts pleaded in the prosecution may not have supported a conviction, but

they were not without a factual predicate to support a finding of probable cause for a violation of the DVPO.  Thus, the presence of probable cause defeats Plaintiff's claim for malicious prosecution.  *See Martin*, 150 N.C. App. at 182, 563 S.E.2d at 218.

## III.    Conclusion

After careful review, we hold the trial court did not err by granting Defendant's motion for summary judgment on Plaintiff's claim of malicious prosecution as there was probable cause for the initiation of the prosecution.  Accordingly, we affirm the trial court's order.

AFFIRMED.

Judges HAMPSON and GRIFFIN concur.

Report per Rule 30(e).